## ROBISON *v.* FEMALE ORPHAN ASYLUM OF PORTLAND.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MAINE.

Argued December 7, 1887. — Decided December 19, 1887.

In construing doubtful clauses in a will, the court will endeavor to ascertain the testator's intention through their meaning as reasonably interpreted in the particular case, rather than resort to formal rules, or to a consideration of judicial determination in other cases, apparently similar.

The testator in this case provided in his will that his widow should have the income of all his estate, she having the right to spend it, but not to have it accumulate for her heirs; that his two sisters if living at the time of the death of himself and his wife, or the one that might then be living, should " have the income of all my estate as long as they may live, and at their death to be divided in three parts, one-third of the income to go to " a charitable institution, one-third to another institution, and one-third to another. Both sisters died before the testator. *Held,* that the

limitations in the two subdivisions of the will were to be taken, in connection with each other, as a complete disposition, in the mind of the testator, of his estate giving to the widow an estate for life, with an estate over for life to the sisters contingent upon one or the other of them surviving the widow, and with the ultimate remainder to the charitable institutions.

Robert I. Robison, formerly of Portland, in the State of Maine, died on the 13th day of June, 1878, at that time a citizen of the State of New York and resident of Brooklyn, leaving a last will and testament, which was subsequently admitted to probate in the Surrogate's Court of Kings County, New York, and duly recorded on December 27, 1878. Letters testamentary thereon were on the same day issued and granted to Jane S. Robison, his widow, who alone qualified as executrix. The testator at the time of his death was seized of real estate in the city of Portland, and also possessed of a considerable amount of personal property.

The following was a copy of the will:

"I, Robert I. Robison, of Portland, in the State of Maine, being in a sound disposing mind and memory, do make and publish this my last will and testament. And, first, my will is that my executors see that my body be buried in a decent and proper manner in the family vault in the Eastern Cemetery in the city of Portland aforesaid. Secondly, I will that all my just debts be paid in full, and from the balance I will that with whatever property may be standing in my wife's, Jane S. Robison's, name, at the time of my death, that my executors make up said amount to the sum of eight thousand and five hundred dollars, it being the amount, or thereabouts, which she received from her father and mother's estates, it being my will that the principal shall be kept good to her and her heirs, but not the interest. This is to be in full for all claims she may have on my estate arising out of the use of her property. Thirdly, I further will that she may have the income of all my estate, she having the right to spend the same, but not to have it accumulate for her heirs. Fourthly, it is my will that if my sister, Ann Smith, wife of Jacob Smith,

of Bath, in the State of Maine, and Eleonora Cummings Robison, wife of Thomas Weeks Robison, of Kingston, Canada West, be living at the death of myself and wife, Jane S. Robison aforesaid, that they or the one that may be then living shall have the income of all my estate as long as they may live, and at their death to be divided in three parts, one-third part of the income to go to the Portland Female Orphan Asylum, one-third of the income to the Widows' Wood Society, and one-third of the income to the Home for Aged Indigent Women, all of the city of Portland and State of Maine. Lastly, I do nominate and appoint my wife, Jane S. Robiso·., and John Rand, Esq., to be my executors of this my last will and testament.

"In testimony whereof I have hereunto subscribed my name and affixed my seal this thirty-first day of October, in the year of our Lord one thousand eight hundred and sixty-two.

"(S'd) ROBERT I. ROBISON. [L.S.]

"Signed, sealed, and declared by the said Robert Ilsley Robison to be his last will and testament in the presence of us, who, at his request and in his presence, have subscribed our names as witnesses hereto.

"CHARLES H. ADAMS.<br>"B. F. HARRIS.<br>"JASON BERRY."

On December 29, 1881, the present bill in equity was filed by Jane S. Robison, as widow and executrix, for the purpose of obtaining a construction of the will, the defendants being charitable institutions named therein, and the only other parties in interest, Ann Smith and Eleonora Cummings Robison, the persons mentioned in the fourth item of the will, having both died before the testator.

It was contended on the part of the complainant that, in consequence of the lapse of the devise and legacy to Ann Smith and Eleonora Cummings Robison, the bequest to the defendants never took effect, and that consequently the complainant was entitled to the estate absolutely, by virtue of the

devise to her, or, in the alternative, because the testator had died intestate as to that part of the estate mentioned in the fourth subdivision of the will. The decree of the Circuit Court, however, was, "that the complainant is entitled only to the income of the estate during her natural life, and that the fourth subdivision of the last will and testament of the testator is operative and valid, and was so at the time the will took effect, and that the defendant corporations acquired by virtue thereof the right, from and after the death of the complainant, to the perpetual income of the said estate." To review that decree the present appeal was brought.

*Mr. Samuel B. Clarke* for appellant.

*Mr. John Rand,* for appellee, submitted on his brief.

Mr. Justice Matthews delivered the opinion of the court.

It is now contended in argument on the part of the appellant, 1st, that the language of the third subdivision of the will, considered by itself, is sufficient to give to her the real estate in fee and the personal estate absolutely; 2d, that the bequest in the fourth subdivision of the will to Ann Smith and Eleonora Cummings Robison is contingent on one of them surviving both the testator and the complainant, and, as the event happened, never became vested; 3d, that the bequest to the defendants is dependent upon the vesting of the bequest to Ann Smith and Eleonora Cummings Robison, being affected by the same contingency, namely, one of them surviving the testator and the complainant; and, 4th, that if the interest of the complainant under the third subdivision of the will must be limited to a life estate, as the bequests contained in the fourth subdivision have lapsed, or cannot take effect, the testator died intestate in respect to that portion of his estate.

In support of the proposition that the bequest to the defendants must fall with that to Ann Smith and Eleonora Cummings Robison, counsel for the appellant rely upon the rule laid down by Mr. Jarman in the following language: "When

a contingent particular estate is followed by other limitations, a question frequently arises whether the contingency affects such estate only or extends to the whole series. The rule in these cases seems to be that if the ulterior limitations be immediately consecutive on the particular contingent estate in unbroken continuity, and no intention or purpose is expressed with reference to that estate, in contradistinction to the others, the whole will be considered to hinge on the same contingency; and that, too, although the contingency relate personally to the object of the particular estate, and, therefore, appear not reasonably applied to the ulterior limitations. Thus, where an estate for life is made to depend on the contingency of the object of it being alive at the period when the preceding estates determine, limitations consecutive on that estate have been held to be contingent on the same event for want of something in the will to authorize a distinction between them." 1 Jarman on Wills, 5th Am. Ed. by Bigelow, *830.

But the rule referred to is one of construction merely, and intended only as a formula for the purpose of classifying cases in which the meaning is gathered from the language of the testator expressing such intention, and is not to be applied to instances in which it appears that the contingency is restricted to the immediate estate. The same author divides those instances into two other classes: "First. Where the words of contingency are referable to and evidently spring from an intention which the testator has expressed in regard to that estate by way of distinction from the others. Secondly. The contingency is restricted to the particular estate with which it stands associated, where the ulterior limitations do not follow such contingent estate in one uninterrupted series in the nature of remainders, but assume the form of substantive independent gifts." Ibid. 831, 832.

Under the second of these classes is ranged the case of *Boosey* v. *Gardener*, 5 De G. M. & G. 122. In that case, the testator bequeathed to his two sisters the interest of his Long Annuities for their lives, and, in case of one or both of their deaths before his, he gave the whole interest in Long Annui-

ties to his brother for life; at his death, (that is, the death of
the brother,) the testator gave half of the capital to his niece
A., his brother's daughter, to help to bring her up, till she
attained the age of twenty-one, then to receive half the capi-
tal; likewise, the testator bequeathed to his nephew S., his
brother's son, if not further family, his other half, in case of
further family, to be divided between them, not dividing the
half left to A.   It was held by Turner, L. J., that the bequest
to the niece and nephew was not contingent upon the death
of the sisters in the testator's lifetime, although the preceding
estate for life to the brother was.

But little aid, however, in such cases is to be derived from
a resort to formal rules or a consideration of judicial deter-
minations in other cases apparently similar.   It is a question
in each case of the reasonable interpretation of the words of
the particular will, with the view of ascertaining through their
meaning the testator's intention.

In applying this principle, the Supreme Judicial Court of
Massachusetts, in the case of *Metcalf* v. *Framingham Parish*,
128 Mass. 370, 374, speaking by Gray, C. J., said: "The decis-
ion of this question doubtless depends upon the intention of
the testator as manifested by the words that he has used, and
an omission to express his intention cannot be supplied by con-
jecture.   But if a reading of the whole will produces a convic-
tion that the testator must necessarily have intended an inter-
est to be given which is not bequeathed by express and formal
words, the court must supply the defect by implication, and so
mould the language of the testator as to carry into effect, so
far as possible, the intention which it is of opinion that he has
on the whole will sufficiently declared. *Ferson* v. *Dodge*, 23
Pick. 287; *Towns* v. *Wentworth*, 11 Moore P. C. 526; *Abbott*
v. *Middleton*, 7 H. L. Cas. 68; *Greenwood* v. *Greenwood*, 5 Ch.
D. 954."

Looking into the present will, therefore, for that purpose,
we find it evident that the testator did not intend by the
third subdivision of his will to give to his widow an interest in
his estate beyond her life.   This conclusion is not based on any
distinction between a bequest of the income of the estate and

a bequest of the body of the estate itself; nor do we lay any stress on the declaration in that clause, "she having the right to spend the same, but not to have it accumulate for her heirs," although that language does afford an indication in support of the conclusion. But whatever force, standing by itself, the third subdivision might have, it is clear that the testator intended, in the event that his sister Ann Smith and Eleonora Cummings Robison should survive both himself and his wife, that they should have an estate for life, beginning at the death of his widow. That would necessarily limit the widow's estate to her own life. But as the estate given by the fourth clause to Ann Smith and Eleonora Cummings Robison for their lives was contingent on the event that one or the other of them should be living at the death of the wife, the question remains whether that contingency also entered into the bequest in remainder to the defendants. The fact that Ann Smith and Eleonora Cummings Robison died before the testator, whereby the legacy to them lapsed altogether, is not material, because if property be limited upon the death of one person to another, and the first donee happen to predecease the testator, the gift over would, of course, take effect, notwithstanding the failure, by lapse, of the prior gift. And this applies also whether the gift over of the legacy or share is to take effect on the death of the prior legatee generally or on the death under particular circumstances, and whether the legacy be immediate or in remainder. It was so held in *Willing* v. *Baine*, 3 P. Wms. 113, where the bequest was to A, but if he died under twenty-one, to B.

In *Humberstone* v. *Stanton*, 1 Ves. & B. 385, 388, it was said : " It seems formerly to have been a question whether a bequest over, in case of the death of the legatee before a certain period, could take effect where he died during the testator's life, though before the period specified. In the case of *Willing* v. *Baine*, legacies were given to children, payable at their respective ages of twenty-one; and if any of them died before that age, the legacy given to the person so dying to go to the survivors; one having died under twenty-one in the life of the testator, it was contended that his legacy lapsed, and did not go over to the survivors." The argument was that the bequest over could not

take place, as "there can be no legacy unless the legatee survives the testator, the will not speaking until then; wherefore this must only be intended where the legatee survives the testator, so that the legacy vests in him, and then he dies before his age of twenty-one. It was, however, held, and is now settled, that in such a case the bequest over takes place."

It follows, therefore, that unless it appear on the face of the will that the gift to the defendants was not intended to take effect unless the prior gift to Ann Smith and Eleonora Cummings Robison took effect, the former must be considered as taking effect in place of and as a substitute for the prior gift which, by reason of the contingency, has failed.

The scheme and intention, therefore, of the present will seems to us, considering the third and fourth subdivisions together, to be this: An estate for life to the testator's widow; an estate over for life to Ann Smith and Eleonora Cummings Robison, contingent on one of them surviving the widow, with the ultimate remainder in fee as to the real estate and absolutely as to the personalty in the defendants. The language of the contingency in the fourth clause, in our opinion, affects only the intermediate life estate of Ann Smith and Eleonora Cummings Robison, it being, we think, the plain intention of the testator to give to his widow the estate in question only for her life, and not to die intestate as to any portion of the estate, and to limit the contingency only to the gift to Ann Smith and Eleonora Cummings Robison. It is true that the ultimate gift to the defendants is described as commencing "at their death," that is, at the death of Ann Smith and Eleonora Cummings Robison, but that language is evidently used only as indicating the expectation of the testator, which he would naturally indulge, that the beneficiaries named would live to receive the gift intended. Certainly those words are not to be construed so as to require that the gift to the defendants shall take effect at the death of Ann Smith and Eleonora Cummings Robison, irrespectively of the prior decease of the widow. The limitations in the two subdivisions of the will are to be taken in connection with each other as a complete disposition in the mind of the testator of his estate, giving to the widow an

estate for life, with an estate over for life to Ann Smith and Eleonora Cummings Robison, contingent upon one or the other of them surviving the widow, with the ultimate remainder to the defendants.

The decree of the Circuit Court is accordingly

*Affirmed.*