### O'NEIL v. DREIER et al.
### No. 6725.

Circuit Court of Appeals, Ninth Circuit.
Nov. 3, 1932.

Ulrich & Hite, of Honolulu, Hawaii, for appellant.

A. G. M. Robertson, A. L. Castle, Arthur Withington, and J. G. Anthony, all of Honolulu, Hawaii, for appellees.

Before WILBUR, Circuit Judge, and JAMES and NORCROSS, District Judges.

JAMES, District Judge.

In the year 1909 Emma Dreier, widow of August Dreier, transferred to a trustee 125 shares of the capital stock of August Dreier, Limited, a corporation organized under the laws of the territory of Hawaii. At that time there were living her son, Emile, then an incompetent, and the latter's wife and minor son, Caroline and Edward, respectively. The deed of trust first provided that out of the income of the trust property, after deducting administration expenses, there should be paid to Caroline, Emile's wife, the sum of $50 per month during the term of her life. The remainder of the income was provided to be paid, first, for the maintenance of Emile; and, second, for the "support, maintenance, education and advancement" of Edward, the grandson of the donor. It was further provided that any excess of income not needed for the purposes stated should be added to the principal and allowed to accumulate as a part thereof. The amount to be applied to the maintenance of Emile was to be received and expended by the donor. Further conditions were then

stated as follows: "Upon the death of the said Emile Dreier and of the said Caroline Dreier, this trust shall cease and the entire trust estate or so much thereof as shall then be remaining shall be conveyed and delivered free and clear of the trusts hereby created to the said Edward Dreier, grandson of the Donor, as and for his absolute and sole property, if he, the said Edward Dreier, shall then be alive. And if he then shall have deceased, said trust estate shall be conveyed absolutely to such person or persons as he, the said Edward Dreier, shall by last Will and Testament name to receive the same and failing such appointment then his heirs at law. But if the said Edward Dreier shall decease unmarried before attaining his majority, then the trust estate or so much thereof as shall then be remaining, shall be conveyed and delivered free and clear of the trusts hereby created to the children of the said Donor and/or their heirs at law."

Emma Dreier, the donor, the son, Emile, and his son, Edward, died. The son, Edward, at the time of his death had attained his majority, but was unmarried. Emile's widow, Caroline, married O'Neil. Such were the conditions when the trustee petitioned the circuit court of the First judicial district of the territory of Hawaii to accept and approve his final account and adjudge the trust terminated. In the trustee's petition (as amended) it was stated: "That Caroline Dreier, now Caroline Dreier O'Neil, has become and is the sole life tenant and beneficiary entitled to income from said trust estate during her lifetime; that Edward Dreier in said trust deed referred to has died intestate leaving as his sole surviving heir the said Caroline Dreier, now Caroline Dreier O'Neil; that by the terms of said trust indenture it is provided that the entire principal of the trust estate shall be conveyed absolutely upon termination of the trust failing appointment of any person or persons to take the same through a last will and testament of said Edward Dreier, to 'his heirs at law'; that demand has been made upon your petitioner by said Caroline Dreier, now Caroline Dreier O'Neil, now the sole life tenant entitled to income under said trust and at the same time the sole heir at law and person designated to receive the principal of said trust; that said trust be forthwith terminated, and that distribution of the assets of said trust estate be made to her as said sole heir at law of said Edward Dreier."

August Dreier, Edward Dreier, and Adele Dreier Frates, paternal uncles and an aunt of the beneficiary, Edward Dreier, also minor children of each, appeared in the circuit court and opposed the petition of the trustee. The contention made on their behalf was that the trust by its terms would not terminate until the death of Caroline, widow of Emile, and that then, and then only, were the heirs of the beneficiary, Edward, who were to take the trust property, to be ascertained. The circuit court held that the trust should be adjudged terminated, and that Caroline was entitled to the trust property. On appeal to the Supreme Court of the territory of Hawaii, that judgment was reversed. The court there determined that the trust did not terminate with Edward's death, but continued as long as Caroline should live; that upon her death the property held by the trustee was to be delivered to the persons who at that time were heirs at law of Edward; that the estate to the heirs of Edward was contingent, and vested only upon the death of both Emile and Caroline.

 The rule in cases involving interpretations of wills and trust instruments is that the intention of the testator or trustor must control. "But little aid, however, in such cases is to be derived from a resort to formal rules, or a consideration of judicial determinations in other cases apparently similar. It is a question in each case of the reasonable interpretation of the words of the particular will, with the view of ascertaining through their meaning the testator's intention." Robison v. Female Orphan Asylum, 123 U. S. 702, at page 707, 8 S. Ct. 327, 329, 31 L. Ed. 293. "Whether in a given case, a condition precedent, a condition subsequent, or a conditional limitation, is prescribed, is, in the absence of unmistakable language, matter of construction." Young Women's Christian Home v. French, 187 U. S. 401, at page 417, 23 S. Ct. 184, 188, 47 L. Ed. 233. Words of a testament are to be considered in their grammatical sense and natural relation in ascertaining the design of a testator. Wellford v. Snyder, 137 U. S. 521, at page 527, 11 S. Ct. 183, 34 L. Ed. 780. Quoting the words of Chief Justice Marshall from Finlay v. Kings' Lessee, 3 Pet. 346, at page 377, 7 L. Ed. 701, the court, in Patch v. White, 117 U. S. 210, at page 219, 6 S. Ct. 617, 621, 710, 29 L. Ed. 860, said: "The intent of the testator, * * * is the cardinal rule in the construction of wills, and if that intent can be clearly perceived, and is not contrary to some

positive rule of law, it must prevail, although in giving effect to it some words should be rejected, or so restrained in their application, as materially to change the literal meaning of the particular sentence." And, Barber v. Pittsburgh, Fort Wayne & C. R. Co., 166 U. S. 83, 17 S. Ct. 488, 41 L. Ed. 925.

It has been settled that the federal courts, in considering questions which have been passed upon by the state courts and by reason of the decisions of the latter have become established in local practice, will be governed by the state decisions; and this regardless of whether the construction of a state statute is involved. Jackson v. Chew, 12 Wheat. (25 U. S.) 153, 6 L. Ed. 583; Henderson v. Griffin, 5 Pet. (30 U. S.) 151, 8 L. Ed. 79. This rule, however, is generally limited in its application to cases wherein is involved title to real property. Nevertheless, where terms frequently used in wills have been interpreted by the decisions of the highest court of a state or territory, and that interpretation has become well understood, it is reasonable and proper that the decisions of the courts local to the testator or trustor and his property should be given great, if not controlling, weight in the cases brought for review to the federal courts. The fact is not overlooked that this case comes by direct appeal, as authorized by statute, 28 USCA § 225(d).

The Supreme Court of Hawaii in Crescent City Motors, Ltd., v. Nalaielua, 31 Hawaii, 418, considered a question relating to contingent and remainder estates. The decision there was that the intent of the testators in using the word "heirs" was to indicate heirs at the date when distribution of the corpus of the trust was to be made and not those who might be heirs at law of the beneficiaries in the interim, citing Auld v. Andrade, 31 Hawaii, 1. This decision is pertinent to the case at hand, although not necessarily conclusive of the result reached by the Hawaiian court. However, the question need not be strongly invited here as to the controlling weight of the decisions of the territorial courts, for, considering the facts and the questions involved, our minds run to the same conclusion as was arrived at by the three judges composing the supreme bench of Hawaii. The reasoning of that court as expressed in its opinion is logical, and comports with the requirement generally observed and before referred to, that the intent of a testator or a trustor shall be ascertained and enforced. Being of that mind, we adopt the argument and conclusions of the opinion announcing the decision from which this appeal is taken, as expressed in the following:

"It is the contention of the appellee that under a correct construction of the terms of the trust, upon the death of Edward, Caroline became his sole heir, that the remainder in fee thereupon became vested in her, and that, since she was the sole surviving life tenant entitled to income, the whole beneficial interest was in her, and therefore the trust terminated. On the other hand it is contended on behalf of the appellants that the heirs of Edward are determinable, not as of the date of the death of Edward, but as of the date of the death of Caroline, that the trustee still has active duties to perform, and that the trust should not be terminated.

"The direction of the donor that 'upon the death of the said Emile Dreier and of the said Caroline Dreier this trust shall cease,' standing by itself, is clear and unambiguous. It indicates her desire that the trust shall continue to exist until both Emile and Caroline are dead. She provided that Caroline should have $50 per month out of the income, and that Emile should have for his support and maintenance the whole of the remainder of the income or as much thereof as might be necessary. The provision is that upon the death of these two beneficiaries the corpus of the trust shall be 'conveyed and delivered' to Edward, who was the son of Emile, if he, Edward, 'shall then be alive.' In other words, Edward was not to take the corpus unless he survived both Emile and Caroline. This requirement that, in order to take, Edward should survive both of the life tenants, strengthens the view that the intention was that the trust should continue until the death of the survivor of the two. While Edward was given the power to name who should take the trust estate in the event of his dying before the expiration of the trust period, that is, provided he himself should attain the age of majority, it is apparent that the authority so given him was to appoint one or more takers who should be alive upon the death of Emile and Caroline. Emile having died and Caroline being still alive, the intention was, we think, that Edward should nominate some one other than Caroline. While there are sometimes circumstances under which the intended period of trust must be shortened, as, for example, where all of the beneficial interests have become vested in one person and no active duties remain to be performed.

by the trustee, nevertheless the direction that upon the death of the survivor of Emile and Caroline the property should be 'conveyed and delivered' to the final takers indicates that the donor had in mind takers other than Emile and Caroline. At the time named for distribution Emile and Caroline must, necessarily, both be dead—and therefore neither could be appointed as a remainderman or become such as an 'heir at law.' For the same reasons we think that, failing an appointment by Edward, the 'heirs at law' of Edward who were to take were those who should be heirs at law, not at the date of the death of Edward, but at the date of the death of the survivor of Emile and Caroline. It has been expressly held in this jurisdiction that, while primarily the word 'heirs' imports those who are entitled under the law immediately upon the death of a descendant, it is also susceptible of meaning those who would take if the decedent had died at a later time such as that which is named by the testator or grantor as the date of distribution. Crescent City Motors v. Nalaielua, 31 Hawaii, 418, 422. In this instance the donor has named as the time for conveyance, delivery, and distribution the death of the survivor of Emile and Caroline. In our opinion, by 'heirs at law' she intended those who would be Edward's heirs if he had lived until the death of the survivor of the two. If Edward had died unmarried and before attaining his majority, the direction was that the corpus should be 'conveyed * * · * to the children of the said Donor and/or their heirs at law.' Here again the indication is that the takers should be persons who would be living at the termination of the trust and able at that time to receive the conveyance and delivery. The 'children' of the donor who would take under those circumstances would be those who survived the trust period, and the 'heirs at law' of any children who did not survive would in turn be those who would be heirs of the children at the termination of the trust.

"The argument advanced on behalf of the appellee seems to have been based, in part at least, upon the theory that Edward was given a vested remainder, and that upon his exercise of the power of appointment the title would pass from him to his nominees. We do not so understand the provisions of the deed. The grant to Edward of the power of appointment did not carry with it inferentially the title to the property. 'The mere existence of a power confers no right

of property or interest on the donee or grantee.' 31 Cyc. 1088, 1089. The donee of a power of appointment need not hold any title in order to fully perform the discretionary power vested in him."

**The judgment is affirmed.**