Thurman S. HURST, Guardian ad litem, etc.,
Plaintiff in Error,

v.

H. P. TAUBMAN and Sophia Taubman
et al., Defendants in Error.

No. 36444.

Supreme Court of Oklahoma.

Oct. 26, 1954.

As Amended Nov. 1, 1954.

Thurman S. Hurst, Tulsa and Pawnee, for plaintiffs in error.

Rosenstein & Fist, Tulsa, for defendants in error H. P. Taubman et al.

John B. Durfee, Tulsa, for defendants in error Louis Taubman et al.

Strasburger, Price, Kelton, Miller & Martin, Dallas, Tex., for other defendants in error.

DAVISON, Justice,

This is a suit brought by the plaintiffs, H. P. Taubman and his wife Sophia Taubman, settlors, and H. P. Taubman, trustee, in each of six trust agreements, for the purpose of establishing an amendment and a codicil thereto. The defendants were the six children and four of the seven grandchildren of the plaintiffs.

In 1936, said settlors, by separate identical trust agreements, conveyed to H. P.

Taubman, as trustee, "as an absolute and irrevocable gift" to each of their said children, as cestui que trust, a trust fund, over which the said trustee was granted absolute power of management, investment and reinvestment. All income during the minority of the beneficiary was to be added to the principal and become a part of the corpus of the estate. From the time the beneficiary attained majority until he or she reached the age of 40 years, the income or any part thereof, in the discretion of the trustee, could be added to the principal, used for the benefit of said beneficiary, or paid over to him or her directly. When the cestui que trust reached the age of 40 years the trust terminated and the entire property was to be delivered over.

It was further provided that, in the event of the death of the beneficiary before attaining the age of 40 years, the property should descend to his issue, if any, and remain trust property until each of said issue attained majority when his or her portion thereof was to be delivered over. If, in such instance the beneficiary left no issue, the property was to be divided between, and added to, the trust estates of the other children of the settlors.

In June, 1953, the settlors executed an amended trust agreement to supplant each original one. Slight changes were made in the manner of distribution of the trust property in case of the death of the beneficiary and also in the provisions as to delivery of the property to the beneficiary, if living at the age of 40 years. In December, 1953, said settlors executed a codicil to each amended trust agreement having for its purpose the appointment of trustees in succession who should enter upon their duties after the approval of the changes by a proper court. Both the amended trust and the codicil were approved and consented to by the beneficiaries by proper endorsement on all instruments.

Thereafter this action was filed to establish the amended trusts and the codicils as superseding the original trusts. A guardian ad litem was appointed for the minor defendants, grandchildren of the plaintiffs, the settlors. A motion was filed on their behalf, moving the court to make as additional parties defendants, the other grandchildren and also grandchildren, yet unborn. The motion was denied for the reason that said parties had no beneficial interest in the trust and could have none except by descent and not by purchase. However, said minor defendants by their guardian ad litem were authorized to represent all of said persons as a class and the guardian ad litem was appointed trustee for any issue of the beneficiaries, yet unborn. Proper exceptions to the order were preserved. A trial resulted in judgment in conformity with the prayer of the plaintiffs. This appeal has been perfected therefrom by the guardian ad litem, on behalf of the minor defendants, and on behalf of the remainder of the class and on behalf of the unborn issue.

Although there are numerous angles thereto, only one question need be determined herein—May a trust designated as "irrevocable" be revoked or amended by mutual consent of the settlors and the beneficiaries where under certain conditions the issue of the beneficiaries could, upon the death of the cestui que trust, become entitled to the trust property? The question is not new in this jurisdiction. Every phase of it was discussed and decided in the case of Dunnett v. First National Bank & Trust Co. of Tulsa, 184 Okl. 82, 85 P.2d 281. The rules of law therein stated were thoroughly analyzed and it would serve no useful purpose to go further here than to repeat those rules.

"As a general rule a trust, even though it is a 'spendthrift' trust, or one declared by the trust agreement to be irrevocable, may be revoked by mutual consent of the settlor and all persons beneficially interested in said trust.

"A beneficial interest in a trust, within the meaning of the rule that a trust may be revoked by mutual consent of the settlor and all persons beneficially interested therein, is an interest taken

by purchase under the terms of the trust, and if the interest is taken by descent it is not such an interest as to require that person's consent in order to revoke the trust.

"In construing the terms of a trust agreement the intention of the settlor of the trust should control when such intention is not in conflict with established principles of law."

The judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD, WILLIAMS, and BLACKBIRD, JJ., concur.