Parilee HARRISON et al., Plaintiffs in Error,

v.

Tom R. JOHNSON et al., Defendants in Error.

No. 37061.

Supreme Court of Oklahoma.

June 19, 1956.

Rehearing Denied July 9, 1957.

Chas. L. Orr, Carmon C. Harris, Oklahoma City, Arthur G. McComas, Elk City, for plaintiffs in error.

Donald Royse, Elk City, Wise & Ivester, Sayre, for defendants in error.

PER CURIAM.

Defendants in error, Tom R. Johnson and Tom R. Johnson, Jr., brought this action in the District Court of Beckham County to quiet title to an undivided ⅝₀th interest, the equivalent of an undivided 2½ acre interest, in the oil, gas and other minerals under a 40 acre tract of land in Beckham County. They claim as grantees under prior title in James R. Harrison, one of the defendants in the action. The interests of plaintiffs in error, who were parties defendant with James R. Harrison and others, will be stated in connection with the determination of the rights of the parties on this appeal.

For convenience we shall refer to the parties as they appeared in the trial court.

The trial court entered judgment for plaintiffs quieting title in them under certain mineral deeds. The defendants appeal from this judgment.

The circumstances from which we are to determine the merits of this appeal are substantially as follows: James R. Harrison acquired the surface and 15 acres of the minerals in the land by inheritance; he was the husband of the defendant, Parilee Harrison, and both were the parents of the defendants, Manford Harrison, Carl Harrison and Dannie Harrison, adults at all times pertinent to this action; on April 17, 1950, James R. Harrison, executed a deed in trust by the terms of which the land was conveyed in trust to Dora Wiesner and Hazel Haase; the trustees were to hold title with the right to receive revenue from the land and to rent and lease for agricultural and other purposes; one-half of the revenue from the land was to be paid to trustor; at his death the income from the trust estate was to be paid to the issue of the body of trustor and/or the issue of such issue; after the trust deed was made, Parilee Harrison sued for a divorce in the District Court of Oklahoma County, in which action a journal entry of judgment was entered on May 22, 1951, the provisions of which are of great import to the considerations involved in this appeal. The parties to that action, through their respective attorneys, entered into a stipulation concerning the division of property and asked that the court approve it and it be made a part of the judgment of the court and have the force and effect of a contract entered into between the parties. The stipulation was approved by the court and was incorporated therein in toto, the significant provisions being: the stated purpose thereof was to make division of property between the parties, "settling all differences and controversies now existing between the parties, or which may hereafter arise", the trustees named in the trust deed held the land subject to this action from which oil and gas was then being produced, the revenue produced therefrom being held by the lessee; division of the property was to be made as follows: One-half of the money on hand to June 1, 1951, to be paid to Parilee Harrison, the other half to James R. Harrison, revenue thereafter to be equally divided; after Mrs. Harrison's death residue royalty payments were to be paid to the children with a like provision for them after the death of Mr. Harrison; title to the surface of the land to remain vested in the trustees, all revenue therefrom to be equally divided between Mr. and Mrs. Harrison, should occasion arise that a sale be

beneficial the trustees were authorized to bring a suit for that purpose in the district court to secure a court order for such purpose and disposition of sale proceeds as ordered by the court; Mrs. Harrison might choose a site thereon for construction of a home; upon the death of James R. Harrison, all title of trustees was to rest in the children named in the instrument; the judgment further provided for payment of income taxes out of accumulated funds; the agreement was ratified by the attorney for the parties, the trustees, and duly incorporated in the decree and judgment of the court. Mrs. Harrison was granted a divorce. There was no appeal from the judgment entered in the divorce action and the same has not been in anywise modified or changed. This judgment was duly filed of record in Beckham County in the office of the county clerk on July 28, 1951.

Under date of May 24, 1952, James R. Harrison executed an instrument denominated "Revocation of Deed of Trust" which was filed of record on June 24, 1952. By the terms of the instrument Harrison purported to revoke the deed of trust dated April 17, 1950, requesting and directing the trustees to reconvey the trust property, agreeing to accept it as, "it now is and as the title thereto is, with all the limitations and terms of the certain decree of the District Court of Oklahoma County, Oklahoma, in Cause No. D–68418 in said Court, wherein Parilee Harrison, my former wife was plaintiff and I, J..R. Harrison was defendant." Express release of the trustees was stated.

On the same date the trustees executed and delivered to Harrison a quitclaim deed by which recognition of title under the original trust deed was made and by reason of the agreement by Harrison that he accepted reconveyance of the property in the condition it then was. The deed expressly stated reconveyance with all the limitations and terms of the decree entered in the divorce case.

On April 28, 1954, Harrison executed a mineral deed purporting to convey to B. A. Johnson an undivided 5⁄80ths (2½ acre) mineral interest, and on May 10, 1954, Johnson executed a similar deed to plaintiffs. The validity of the mineral deeds under the circumstances constitutes the issue on this appeal.

It was found by the trial court that Harrison had effectively cancelled the trust and that title had reverted to him; hence his conveyance of the mineral interest now claimed by plaintiffs was valid. We cannot agree.

James R. Harrison's stipulation entered into with Parilee Harrison in connection with the divorce proceedings, was, in express terms, a contract. The purpose of the instrument was to settle all differences and controversies then existing between the parties or that might thereafter arise. By the terms thereof the powers of the trustees in relation to the trust property were clearly defined and full provision made for the use and disposition of the property. Ratification and confirmation by the trustees was formally entered. It was plainly the intent of James R. Harrison to make, and the trustees to accept, ratify, and confirm a trust which superseded and excluded the trust provisions theretofore existing.

Provisions of law applicable to the facts of this case are contained in sec. 175.41 of Title 60, O.S.1951, which reads as follows:

"Every trust shall be revocable by the trustor, unless expressly made irrevocable by the terms of the instrument creating the same. Provided, that any trust may be revoked by the trustor upon the written consent of all living persons having vested or contingent interest therein. The term 'contingent interest,' as used in this Section, shall include an interest which a beneficiary may take by purchase, and exclude any interest which a beneficiary may take by descent. Provided further that this Section shall not apply to a spendthrift trust unless same is created by the trustor for his own benefit."

The original trust does not expressly state that it may not be revoked nor do the terms thereof indicate an intent that it could not. The trust was primarily for the benefit of the trustor and it was obviously his intent as expressed in the instrument as a whole that the reversionary interest should be taken by descent. Whether or not the contract made in connection with the divorce action was effective to revoke all contrary provisions of the original trust and to create an irrevocable trust in accordance with the terms thereof is decisive of the issue here presented.

In Dunnett v. First Nat. Bank & Trust Co. of Tulsa, 184 Okl. 82, 85 P.2d 281, we reviewed rather extensively the authorities generally on points of law applicable to this case and from this cited case, the above statute, and other cases of this jurisdiction, we find nothing new or novel in the law to be applied to the facts of the case here on appeal.

■ From a careful review of the record, we find it was the manifest purpose of James R. Harrison from the terms of the contract incorporated into the judgment entered in the divorce action, coupled with the circumstances reflected by the record in connection with the proceedings, to make a final disposition of the trust property in the form of an irrevocable trust.

■ Such being the purpose and effect of the trust, it follows that the trust thus created could not be revoked except by the mutual consent of the trustor and all persons beneficially interested in the trust. Hurst v. Taubman, Okl., 275 P.2d 877.

In the Dunnett v. First Nat. Bank & Trust Co. of Tulsa case, supra, we stated [184 Okl. 82, 85 P.2d 283]:

"Whether a person takes by purchase under a trust is to be determined from the terms of the trust agreement as a whole, coupled with the manifest intent of the settlor in creating the trust, since the 'creator of a trust can do as he pleases with his property and the courts look to his words to guide them in decisions'. Whittemore v. Equitable Trust Co., 250 N.Y. 298, 165 N.E. 454, 456. Or, as stated by the United States Circuit Court of Appeals in O'Neil v. Dreier, 9 Cir., 61 F. 2d 598, 599: 'The rule in cases involving interpretations of wills and trust instruments is that the intention of the testator or trustor must control. 'But little aid, however, in such cases is to be derived from a resort to formal rules or a consideration of judicial determinations in other cases apparently similar.' * * * Robison v. Female Orphan Asylum, 123 U.S. 702, at page 707, 8 S.Ct. 327, 329, 31 L.Ed. 293.' "

■ Such interest as the defendants, Manford Harrison, Carl Harrison and Dannie Harrison, took is based on the contract and not the decree. None of the parties who acquired a beneficial interest under the trust have consented to a revocation. All having received their interest by purchase, it follows that no revocation has occurred.

Apparently, trustor proceeded under the false conclusion that by revoking the original trust, but not repudiating the judgment, he could revoke the trust as to all save the beneficial interest of the wife. It was in following this theory that the trial court erred. We find and hold that there has been no revocation of the trust created by the contract and accordingly plaintiffs took nothing under their mineral deeds. The judgment is therefore reversed and the cause remanded to the district court with instructions to enter judgment denying plaintiffs the relief sought by them.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

CORN, J., dissents.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative

opinion was written by Commissioner J. W. Crawford, and approved by Jean R. Reed and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.