Bertha AKIN, Donald Herbert Akin and Elmer Houghton Akin, Plaintiffs in Error,

v.

FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY, Trustee, Defendant in Error.

No. 39062.

Supreme Court of Oklahoma.

July 18, 1961.

Ames, Daugherty, Bynum & Black, by Phil E. Daugherty, Oklahoma City, for plaintiffs in error.

Cochran, Dudley, Fowler, Rucks, Baker & Jopling, Oklahoma City, and Edwin Whitney Burch, Oklahoma City, for defendants in error.

WILLIAMS, Chief Justice.

The defendant in error, Bank, hereinafter referred to as plaintiff, instituted this action against the plaintiffs in error, hereinafter referred to as defendants, and Jeanne Ladd Houghton Glover to obtain a construction of the provisions of a will.

The will of Harry B. Houghton provided that three trust estates be created; that one-half of his estate be placed in the first trust estate, one-fourth in the second, and one-fourth in the third; that all taxes with reference to said estate be paid out of the

second and third trust estates; that the surviving widow, Jeanne Ladd Houghton, now Glover, receive the income of the first trust estate for life with a testamentary power of appointment over the remainder; that all income from the second trust be paid to the widow during her life; that the second trust estate, together with all accumulated and undistributed income therefrom upon the widow's death be added to the third trust estate and administered or distributed in accordance with the terms and conditions of said trust estate; that income of the third trust estate be paid to deceased's two sisters, Bertha Akin and Annie Houghton, during their lifetime, and upon their death the remainder be paid to deceased's nephews, Donald Herbert Akin and Elmer Houghton Akin. The will designated the plaintiff as trustee. At the time this suit was filed Annie Houghton was deceased.

The applicable provisions of the will are as follows:

"Section I, paragraph B: In the event that the income from such First Trust Estate payable to my said wife, when considered together with the income available to her from all other sources of which the Trustee has knowledge, shall be insufficient, in the opinion of such Trustee, to provide for her proper support, maintenance, comfort and medical care, then the Trustee shall have full power and authority to pay over to her, or apply for her benefit, so much of the corpus of the First Trust Estate as it, in its sole discretion, shall deem necessary or desirable for such purposes. I further direct that in no event shall my said wife receive less than One Thousand Dollars ($1,-000.00) each month from the Trust Estates, and direct that in the event the income from the Trust Estates created for the benefit of my wife in this Will is not sufficient, payments shall be made out of the principal of the First Trust Estate, and then the Second Trust Estate to maintain payments of at least One Thousand Dollars ($1,000.00) each month.

"Section II, paragraph B: In the event that the net income from the Second Trust Estate payable to my said wife, when considered together with the income available to her from all other sources of which the Trustee has knowledge, shall be insufficient in the opinion of such Trustee, to provide for her proper support, maintenance, comfort and medical care, then the Trustee shall have full power and authority to pay over to her, or apply for her benefit, so much of the corpus of the Second Trust Estate as it, in its sole discretion, shall deem necessary or desirable for such purposes."

In its petition plaintiff alleged that it had made a payment ($5,000) to Mrs. Glover in the exercise of discretionary powers granted it under said will so as to provide for her proper support, maintenance and comfort.

The judgment of the trial court authorized and directed plaintiff to charge payments heretofore or hereafter made out of corpus for the support, maintenance, comfort and medical care of Jeanne Ladd Houghton Glover proportionately to the first and second trust estates. Defendants appeal.

Defendants contend "that the Trust Instrument will permit invasion of the Second Trust corpus only after a complete exhaustion of the First Trust corpus."

Plaintiff argues that the trust instrument authorizes "simultaneous invasion of the First and Second Trust corpuses."

Consideration of the part of Section I, paragraph B, other than that providing a minimum income of $1,000 per month for Mrs. Glover together with Section II, paragraph B, without more, might well lend itself to the interpretation adopted by the trial court.

However, there is no language in the provisions of the will creating the trusts involved specifically supporting such inter-

pretation by the trial court. The word "proportionately" is not used in the will nor is there employed therein any language of a similar import.

Plaintiff emphasizes the provision in the will that, if the income from both the first and second trust estates falls below $1,000 per month and an invasion of corpus is made, it should come first from the first trust estate. Plaintiff argues that this provision does not cover or pertain to the converse situation where the income from both trust estates is in excess of $1,000 per month.

Plaintiff argues that if it had been testator's intention to restrict invasions of corpus to times when income from the first and second trust estates was less than $1,-000 per month, he would have so stated in the invasion clause of the second trust estate.

In the case of Buck v. Cavett, Okl., 353 P.2d 475, 477, we said:

"In Stallard v. Johnson, 189 Okl. 376, 116 P.2d 965, we held:

" 'Where a trust is created for the purpose of providing for the suitable care and maintenance of the beneficiaries at the discretion of the trustee the discretion so vested is not an arbitrary one which will permit the trustee to defeat the purposes of the trust under the guise of its exercise but is one which must be exercised honestly, fairly and reasonably to accomplish the purpose of the trust.

" 'The courts in the exercise of their equitable jurisdiction have the power to safeguard the rights of the cestui que trust and to compel performance by the trustee of the duties of the trust.' "

■ It is true that in Section I of the will, supra, the testator specifically directed that if the income from the first and second trust estates fell below $1,000 per month, the trustee was to invade first the corpus of the first trust estate and then the corpus of the second trust estate to maintain payments of at least $1,000 each month.

However, it would seem that, unless otherwise specified in the trust instrument, where the income exceeds the minimum set by the testator, any payment from corpus, in addition to income, should be from the corpus of that trust estate of which the income beneficiary, Mrs. Glover, has the power of appointment over the remainder, rather than out of the one the remainder of which goes to other parties.

When the income of the first and second trust estates is low, i. e., less than $1,000 per month, the trustee may not invade the second corpus so as to maintain an income to the widow of $1,000 per month until the first corpus is exhausted. Absent language clearly indicating a contrary intent by the creator of the trust we believe it is inferable as a matter of reason, that if, when providing for his wife's absolute necessities by a minimum income, he intended any resort, if any, after income, to be made first to the corpus of the first trust, certainly when she should be receiving more income of a sufficiency to provide more necessaries and possibly luxuries, the creator of the trust intended resort should be as quickly and similarly made to the corpus of the first trust. We find nothing to indicate a desire on his part that provision be made for his wife from the corpus of a trust the residuum of which he clearly and specifically left for his two sisters and the children of one of them, all his blood kin, while the corpus of the first trust estate or any substantial portion thereof remains.

■ In the case of Dunnett et al. v. First Nat. Bank & Trust Co. of Tulsa, 184 Okl. 82, 85 P.2d 281, 283, this court said:

" * * * as stated by the United States Circuit Court of Appeals in O'Neil v. Dreier, 9 Cir., 61 F.2d 598, 599: 'The rule in cases involving interpretations of wills and trust instruments is that the intention of the testator or trustor must control. "But little aid, however, in such cases is to be derived from a resort to formal rules or

a consideration of judicial determinations in other cases apparently similar." * * * Robison v. Female Orphan Asylum, 123 U.S. 702, at page 707, 8 S.Ct. 327, 329, 31 L.Ed. 293.' "

We determine the invasion clauses of Sections I and II should be read together in the light of the remaining portions of the will. We consider the invasion clause of Section II to be a continuation of such clause in Section I and as such to authorize invasion of the corpus of the second trust estate only after the first trust estate has been exhausted whether the trustee be providing the widow either with an income of $1,000 per month or more.

Reversed.

BLACKBIRD, V. C. J., and HALLEY, JOHNSON and JACKSON, JJ., concur.

WELCH, DAVISON and IRWIN, JJ., dissent.

IRWIN, Justice (dissenting).

The majority opinion imposes a condition precedent, being the exhaustion of the corpus of the First Trust Estate, before the corpus of the Second Trust Estate can be invaded. In my judgment, the terms of the will do not impose a condition precedent, by inference or otherwise.

The second sentence of Section I, Paragraph B, of the last will and testament provides, "I further direct that in no event shall my said wife receive less than One Thousand Dollars ($1,000.00) each month from the Trust Estates, and direct that in the event the income from the Trust Estates created for the benefit of my wife in this will is not sufficient, payments shall be made out of the principal of the First Trust Estate, and then the Second Trust Estate to maintain payments of at least One Thousand Dollars ($1,000.00) each month."

The majority opinion is bottomed on the above provision. In my judgment, it is not necessary or even appropriate to construe this provision for under the evidence, the income from both the First and Second Trust Estates has been in excess of the $1,000 per month, and the payment made was not to maintain the $1,000 monthly payment. On the contrary, the Trustee felt the income from the First and Second Trust Estates with the income available to the wife from all other sources was insufficient to provide for her proper support, maintenance, comfort and medical care, and under the express provisions of the first sentence of Section I, Paragraph B, and Section II, Paragraph B, made the payment of $5,000 from the corpus of the First and Second Trust Estates. Therefore, in my judgment, the provision relating to the maintenance of at least $1,000 in monthly payments to the wife, is not applicable, but the provisions in Section I, Paragraph B, and Section II, Paragraph B, under which the payment was made are controlling.

I am unable to place any construction on these two sections other than; "In the event that the income from such First Trust Estate and the net income from the Second Trust Estate payable to the wife, when considered together with the income available to her from all other sources of which the Trustee has knowledge, shall be insufficient, in the opinion of the Trustee, to provide for her proper support, maintenance, comfort and medical care, then the Trustee shall have full power and authority to pay over to her, or apply to her benefit, so much of the corpus of the First Trust Estate and the corpus of the Second Trust Estate as it, in its sole discretion, shall deem necessary or desirable for such purposes."

The reason for the above statement is based on the following: (1) The first sentence of Section I, Paragraph B, relates to the invasion of the corpus of the First Trust Estate and Section II, paragraph B, relates to the invasion of the corpus of the Second Trust Estate and the language employed in both instances is identical except the latter qualifies income to *net* income. (2) Section I and Section II, are identical in effect except (a) Section I contains the language with reference to the

$1,000 monthly payment and directs payment from the corpus of the First Trust Estate, and then the Second Trust Estate to maintain such payments; (b) the wife has power of appointment by her last will, over the principal and undistributed income of the First Trust Estate and such power does not exist over the principal and undistributed income of the Second Trust Estate. However, if the wife does not exercise her power of appointment as provided for in the First Trust Estate, the principal and undistributed income will be administered the same as that of the Second Trust Estate. (3) The language used throughout the entire will is very exacting and Section II, Paragraph B, which relates to the use of the corpus of the Second Trust Estate, *does not* restrict such use only in those instances when the income from other sources and the corpus of the First Trust Estate is insufficient to provide for the wife's proper care and maintenance; but said principal can be used when the net income from the Second Trust Estate considered with the income from all other sources is insufficient to provide for her proper care and maintenance.

Both sections state specifically "income and all income available from other sources," and neither alludes to nor contains provisions that the principal of either the First or Second Trust Estate should be considered. The majority opinion construes "income and income available to her from all other sources" to include all the principal of the First Trust Estate when considering when the corpus of the Second Trust Estate can be invaded, and holds that both must be exhausted before the principal of the Second Trust Estate can be used. Identical language is used in the first sentence of Section I, Paragraph B, as employed in Section II, Paragraph B, and I can see no reason for a different construction.

In my judgment, the language in the will is clear and unambiguous. It states specifically under what terms the corpus of the Second Trust Estate can be used.

There is no language indicating that the corpus of the First Trust Estate must be exhausted or even used before the corpus of the Second Trust Estate can be invaded with reference to providing for the wife's proper support and maintenance, when in the opinion of the Trustee, "income" available to her is insufficient. Where the terms of a will expressly authorize a trustee to do certain acts, I do not think it can be inferred that the testator intended something different, nor do I think such will should be construed which would impose a condition precedent before certain acts may be done when the will does not impose such condition. The condition precedent imposed by the majority opinion is that the Trustee must exhaust the corpus of the First Trust Estate before invading the corpus of the Second Trust Estate. I find no such condition imposed in the terms of the will by inference or otherwise.

In my judgment, the Trustee did not abuse its discretion in invading proportionately the corpus of the First and Second Trust Estate.

I therefore respectfully dissent to the opinion promulgated by a majority of my associates.