JAMES THATCHER, Plaintiff, *v.* EMPIRE TRUST COMPANY, Defendant.

First Department, March 8, 1935.

*Henry E. Alexander* of counsel [*Abner J. Rubien*, attorney], for the plaintiff.

*T. Fergus Redmond* of counsel [*Olin, Clark & Phelps*, attorneys], for the defendant.

McAvoy, J. This submission of a controversy involves the right of the settlor of a trust of personal property to revoke the same in accordance with the provisions of section 23 of the Personal Property Law, which provides as follows:

"Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

Under date of March 25, 1927, the plaintiff, as donor, delivered certain securities and a policy of life insurance to the defendant to hold and administer, in accordance with the indenture of trust made between them.

The trust agreement directs the distribution of the income and corpus of the trust as follows:

1. Income and, if necessary, part of the principal to the plaintiff's wife during her lifetime.

2. Upon the death of plaintiff's wife, income and, if necessary, part of the principal to his daughter, unless the trust be sooner terminated.

3. Income and, if necessary, part of the principal directly to plaintiff's daughter to the exclusion of plaintiff's wife during the wife's lifetime, if so directed by the settlor; terminating the trust either upon the death of the said daughter or at the end of five years from the time of settlor's death, whereupon the trustee is directed to transfer and distribute the principal to the settlor, if living, otherwise to the daughter, or, if she shall be dead, the trustee shall transfer and distribute the principal in accordance

with her appointment under the daughter's last will and testament and, in default of such appointment, to the daughter's next of kin.

4. If the wife survives the daughter and the settlor, the trust terminates upon the wife's death and the corpus of the trust shall be paid over as directed by the will of the wife or upon failure of such direction to the wife's next of kin.

5. If the daughter survives by less than five years the longer lived of the settlor and his wife, then upon the death of the daughter the corpus of the trust shall be paid over as the daughter shall by her last will and testament direct and, in default of such direction, to her next of kin.

6. In any event, the corpus of the trust shall be paid to the settlor if he be living upon the death of his wife and daughter and the trust terminated, and, in any event, the trust shall be terminated upon the death of the survivor of the wife and daughter.

On August 8, 1934, the plaintiff served on the defendant a written notice of revocation of said trust; attached thereto were the consents of his wife, and also:

"(a) All of the persons who would have been next of kin of the plaintiff, if he had died on that day.

"(b) All of the persons who would have been next of kin of his wife, if she had died on that day.

"(c) On the 25th day of August, 1934, plaintiff likewise served on the defendant an additional consent of his daughter's husband, there being no other next of kin than the persons who had already consented to the revocation."

The trust relates to personal property only, and the question involved is whether the plaintiff had procured the consents of all the persons beneficially interested in the fund.

The defendant trustee contends that the trust cannot be revoked because those persons who will be the next of kin of the plaintiff, his wife and daughter, upon their respective deaths, will take, if they take at all, as purchasers, and as it cannot be ascertained who such purchasers will be, their consents cannot be procured. The rule announced in *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298) is asserted to be controlling here. We believe that not applicable to the conditions here. We held in *Corbett* v. *Bank of New York & Trust Co.* (229 App. Div. 570) that a revocation of a trust indenture under a similar state of facts as that now appearing was permissible under the statute.

Section 23 of the Personal Property Law has been construed to require the consent only of those persons who have a present beneficial interest, and the mere possibility that at some time in

the future the class may be opened to let in other possible beneficiaries does not require their consent, as all that is necessary is that those shall consent who would take if the trust were terminated at that moment.

The plaintiff, having procured the consents of his wife, his daughter and her husband, there being no other next of kin of either himself, his wife or his daughter, or who would answer to the description of next of kin in the event of their respective deaths on the date when the revocation of the trust was attempted, the revocation duly complied with the provisions of section 23 of the Personal Property Law. The settlor should also join in the revocation instrument.

Judgment permitting the revocation of the trust of personal property should be directed for plaintiff, without costs.

MARTIN, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Judgment permitting the revocation of the trust of personal property directed for plaintiff, without costs. Settle order on notice.