JOSEPH P. McEVOY et al., Appellants, *v.* CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee, Respondent.

Argued March 3, 1937; decided April 27, 1937.

*William J. Carr* and *Herbert A. Heerwagen* for appellants. At the time of the attempted revocation appellants' issue had no interest in the trust indenture, hence their consent to the revocation was unnecessary. Until the substitution of cash or securities for the bond and mortgages the appellants' issue had no interest of any kind whatever in such indenture. (*Central Union Trust Co.* v. *Trimble,* 255 N. Y. 88; *Whittemore* v. *Equitable Trust Co.,* 250 N. Y. 298; *Doctor* v. *Hughes,* 225 N. Y. 305; *Davies* v. *City Bank Farmers Trust Co.,* 248 App. Div. 380; *Beam* v. *Central Hanover Bank & Trust Co.,* 248 App. Div. 182; *Schoellkopf* v. *Marine Trust Co.,* 267

N. Y. 358; *Livingston* v. *Ward*, 247 N. Y. 97; *Berlenbach* v. *Chemical Bank & Trust Co.*, 235 App. Div. 170; 260 N. Y. 539; *Sun Printing & Pub. Assn.* v. *Remington Paper & Power Co.*, 235 N. Y. 338; *Atterbury* v. *Bank of Washington Heights*, 241 N. Y. 231; *Gans* v. *Ætna Life Ins. Co.*, 214 N. Y. 326.) The trust indenture may be revoked on the consent of all persons beneficially interested at the time of the revocation. (*Beam* v. *Central Hanover Bank & Trust Co.*, 248 App. Div. 182; *Corbett* v. *Bank of New York & Trust Co.*, 229 App. Div. 570; *Thatcher* v. *Empire Trust Co.*, 243 App. Div. 430; *O'Leary* v. *Grant*, 155 Misc. Rep. 98; *Hussey* v. *City Bank Farmers Trust Co.*, 236 App. Div. 117; 261 N. Y. 533.) The indenture reveals no basis for the creation of a remainder interest in the grantor's issue. (*Doctor* v. *Hughes*, 225 N. Y. 305; *Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298; *Davies* v. *City Bank Farmers Trust Co.*, 248 App. Div. 380; *Beam* v. *Central Hanover Bank & Trust Co.*, 248 App. Div. 182; *Franklin* v. *Chatham Phenix Nat. Bank & Trust Co.*, 234 App. Div. 369; *Stella* v. *New York Trust Co.*, 224 App. Div. 50; *Livingston* v. *Ward*, 247 N. Y. 97; *Atwater & Co.* v. *Panama R. R. Co.*, 246 N. Y. 519.) Since the issue sought to be joined as parties are not beneficially interested under the trust indenture, they are not necessary parties defendant. (*O'Leary* v. *Grant*, 155 Misc. Rep. 98.)

*Charles B. McGroddy, Jr.*, for respondent. Upon the execution of the trust indenture the issue of settlor became possessed of contingent remainders in the trust estate. (*Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358; *Matter of Rosenbaum*, 169 N. Y. Supp. 687.) Even had appellant's issue no technical estate in remainder they would still be persons beneficially interested in the trust within the meaning of section 23 of the Personal Property Law (Cons. Laws, ch. 41). (*Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358; *Crowell* v. *Pryor*, 288 N. Y. Supp. 998.) The settlor and his wife may not by modifying

the separation agreement do by indirection what they could not lawfully do directly. (*Guaranty Trust Co.* v. *Harris,* 267 N. Y. 1; *Whittemore* v. *Equitable Trust Co.,* 250 N. Y. 298; *Crackanthorpe* v. *Sickles,* 156 App. Div. 753; *Hussey* v. *City Bank Farmers Trust Co.,* 236 App. Div. 117; 261 N. Y. 533; *Court* v. *Bankers' Trust Co.,* 160 N. Y. Supp. 477; 172 App. Div. 955.) The settlor's issue are necessary parties to this action. (*Ducas* v. *Ducas,* 150 App. Div. 397.)

FINCH, J. The plaintiffs were husband and wife. In 1931 they entered into a separation agreement. The husband agreed to pay the wife certain sums for maintenance, and to secure such payments to her he executed his bond in the sum of $50,000 and a mortgage on certain realty owned by him in Ulster county, and a chattel mortgage on the personalty in the house on the property. The bond and mortgages were made to the defendant, The Central Hanover Bank, as trustee under a trust indenture. In 1932 the plaintiffs entered into a new separation agreement, which apparently did not affect the trust indenture, and shortly afterward they were divorced, the separation agreement being incorporated in the divorce decree. A new agreement was entered into in 1936, which provided that the husband should convey to his former wife the realty covered by the bond and mortgage, and that the bond and mortgage should be satisfied and canceled by the defendant bank. It also provided that all prior agreements were thereby superseded.

Joseph P. McEvoy and Eugenie McEvoy served a notice on defendant, pursuant to section 23 of the Personal Property Law (Cons. Laws, ch. 41), which notice recited that Joseph P. McEvoy and Eugenie McEvoy were the only persons beneficially interested in the trust indenture, and that they consented to its revocation by said Joseph P. McEvoy. The defendant refused to recognize the right of Joseph P. McEvoy to revoke and cancel the indenture.

Thereupon McEvoy brought this action for its revocation. Defendant then made a motion to join as additional parties defendant Eugenie McEvoy and the two infant children of Joseph P. McEvoy. Before this motion was heard Eugenie McEvoy was joined as a party plaintiff by stipulation.

The defendant's refusal to consent to revocation is based upon the contention that the trust indenture made the issue of Joseph P. McEvoy persons beneficially interested in the indenture and that, therefore, under section 23 of the Personal Property Law it cannot be revoked without their consent.

The trust indenture recited that whereas the husband and wife had entered into an agreement of separation, and the husband had agreed to give the wife a fixed monthly sum for her support and maintenance during her life, and had agreed to secure performance of this obligation by the execution of a bond and mortgages, the indenture was made to effectuate this purpose. It provided that the bond and mortgages were to be held in trust by the trustee, and that the trustee should receive from the husband and pay over to the wife the monthly installments during her life, all sums received by the trustee from the husband operating as a payment, *pro tanto*, of the amount of interest payable upon the bond and mortgages. Upon the death of the wife, the trustee was to surrender to the husband, his executors, administrators or assigns, the bond and mortgages and to satisfy the same as of record. It further provided that the husband, or his executors, administrators or assigns, upon thirty days' notice to the wife or the trustee, should have the right to substitute for the bond and mortgages $50,000 in cash or securities. If such substitution were made, payments to the wife should be made from the income. It then provided that in the event of the substitution of cash or securities, any excess income received therefrom by the trustee " shall be paid by it annually to husband, or if dead, to his lawful issue then

living *per stirpes*, or in default of such issue, to those who may be appointed by the Last Will and Testament of husband to receive the same."

And in the event of the substitution of cash and securities and the death of the wife, the " Trustee shall assign, transfer and deliver the trust fund to husband, or if dead, to his lawful issue then living, *per stirpes*, or in default of such issue, to those who may be appointed by the Last Will and Testament of husband to receive the same."

Special Term denied the plaintiffs' motion for judgment on the pleadings, and granted the defendant's motion to direct the plaintiffs to serve an amended complaint, joining the two children as parties defendant. The Appellate Division affirmed and certified the following questions to this court.

" 1. Does the trust indenture herein give the issue of settlor herein any interest within the meaning of Section 23 of the Personal Property Law prior to any substitution for the original trust property herein?

" 2. Are the issue of settlor herein necessary parties defendant? "

The answers to both questions depend upon whether the children had a beneficial interest in the trust at the time of its revocation. The indenture, as noted, provided for the execution of a bond and mortgages to the trustee, to secure payments by the husband of agreed monthly sums for the support and maintenance of the wife. It further provided, as noted, that upon the death of the wife, the bond and mortgages were to be surrendered to the husband or his executors, administrators or assigns. Up to this point there existed only an obligation owing from the husband which obligation was secured by a bond and mortgages as collateral. Certainly, these provisions created no beneficial interest in the children. In addition, the indenture provided that the husband had the right to substitute cash or securities for the bond and mortgages. If such substitution were made by the

husband, and if the husband should predecease his wife, any surplus income went to his lawful issue. Upon the death of the wife, the principal of the trust fund passed to the issue. Thus, the children would have no beneficial interest, not even a contingent one, unless a substitution were made. A substitution was never made and, therefore, no beneficial interest in the children ever arose.

The entire trust agreement read as a whole also shows no intention to grant any interest to the children unless cash or securities were substituted by the husband for the bond and mortgages. The purpose of the agreement and the indenture was only to secure payments to the wife. Incidentally provision was made for a situation which would arise if the husband should decide to make a substitution. In the absence of such a substitution, no interest was granted, and no interest was intended to be granted to the children. Up to the time of revocation, the settlor had made no election to substitute cash or securities for the bond and mortgages. By the bringing of this action, the settlor renounced the power to do that which always depended upon his voluntary act. The language of Scott, J., in a somewhat similar case is applicable: " No one is entitled to be appointed to receive the corpus, and no one ever can receive it under the terms of the trust deed unless the plaintiff of her own free will elects to appoint them to be the recipients. She certainly can renounce the power to do that which she is under no compulsion ever to do  *  *  *." (*Sperry* v. *Farmers' Loan & Trust Co.*, 154 App. Div. 447, 452.)

The case of *Schoellkopf* v. *Marine Trust Co.* (267 N. Y. 358) is not in point. In that case the court held that the " heirs " of the settlor received a contingent remainder created by the trust indenture. In the case at bar the children had no interest unless the settlor created one by his voluntary act of substitution, which he was under no compulsion to make and which, by the bringing of his action for revocation, he finally renounced.

■

The children, having no beneficial interest, are not necessary parties defendant to this action.

The order of the Appellate Division and that of the Special Term should be reversed, and judgment on the pleadings, in favor of the plaintiffs, should be directed, with costs in all courts. Both certified questions should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Orders reversed, etc.