(No. 24415.—

MYRTLE H. BOTZUM *et al.* Appellees, *vs.* THE HAVANA NATIONAL BANK, Trustee, Appellant.

*Opinion filed December 22, 1937.*

CATRON & HOFFMANN, for appellant.

TRAPP & TRAPP, for appellees.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

Myrtle H. Botzum and Charles Albert Botzum, her husband, brought this suit in the circuit court of Mason county to terminate the trust created by a deed of trust from Charles A. Botzum to the Havana National Bank, and to require the bank to convey the trust .property to Mrs. Botzum. A hearing on the merits resulted in a decree granting the relief prayed. Although willing to have the trust terminated, the trustee has appealed to protect the trust and to protect itself against claims of persons who, it says, have contingent interests.

The facts are undisputed and are as follows: Myrtle H. Botzum married Charles A. Botzum, a resident of California, on August 31, 1927. She had lived in Havana, been a court reporter and also stenographer for Lyman Lacey, Jr. an attorney at law, for a number of years. Before going to California to live, she and her husband went to Lyman Lacey's office where Mrs. Botzum transferred all her property to her husband, and he, in turn, transferred the property, all of which was personalty, to the appellant, as trustee. The bank was to hold the trust for the following uses and purposes: "First:—To manage and keep possession, collect and receive all of the income, dividends and profits accruing and arising from said trust properties and the investment and reinvestments of the same during the lifetime of my beloved wife, Myrtle H. Botzum, and to pay the income, profits and dividends of said trust properties to my said wife, Myrtle H. Botzum during her natural life in equal quarterly installments payable on the first day of January, April, July and October in each year so long as she shall live, provided always, that it shall not be lawful for my said wife to sell, assign, encumber, charge or dispose of, by way of anticipation or otherwise, the income so to her payable as aforesaid, or any part thereof, and that notwithstanding any such charge, sale, assignment or other disposition, the said trustee is hereby required to pay such income into the proper hands of my said wife for her separate and peculiar use and benefit upon her own receipts and neither the said property so held in trust, nor the income therefrom shall in any manner be liable to the control or answerable for the debts, contracts or engagements of my said wife, or liable to any charge, income, assignment, conveyance or anticipation by her; and upon the death of my said wife, the said trustee shall pay the above legacy, income, securities or the proceeds thereof, and any increase thereof, or the securities or other property into which the same may have been converted and any increase thereof,

to such persons and in such shares, interest and proportions absolutely, or in trust, as my said wife shall by her last will and testament duly executed in writing designate, and appoint, and in default of such appointment the said trustee shall pay the same and the increase thereof to John L. Lacey and Ruth E. Lacey, share and share alike; in case of the death of either of the said John L. Lacey or Ruth E. Lacey prior to the death of my said wife, then the share or portion herein devised to them respectively shall go and descend to their heirs-at-law." The trustee was authorized to continue the investments as they stood or to reinvest the property as it deemed best and was directed to counsel with and to be guided by the advice of Lyman Lacey, Jr. It was directed to pay out of the income, before paying anything to Myrtle H. Botzum, her note for $3000, dated March 17, 1927, held by the Havana National Bank. Another provision empowered Mrs. Botzum, if she chose, to add to the principal of the trust any quarterly installment of income.

There is no charge made that the trust estate has been mismanaged, although it has not been so very profitable. Mr. and Mrs. Botzum now have two children and the family resides in California where Botzum has his business. Ruth E. Lacey married and is now Ruth E. Velde. She and John L. Lacey entered their appearance and consented to the dissolution of the trust and to a decree as prayed.

The appellant says this trust could not be terminated because Ruth E. Velde's husband, and the other possible heirs of Ruth E. Velde and John L. Lacey, and also possible appointees under the power of appointment given to Myrtle H. Botzum, have contingent interests in the trust property, were not made parties to this proceeding and have not consented to terminating the trust.

If the settler and all the beneficiaries are *sui juris* and consent, they can compel the termination or modification although the purposes of the trust have not been fully ac-

complished; (*Vlahos* v. *Andrews*, 362 Ill. 593, *Burton* v. *Boren*, 308 id. 440, 443;) but where there are holders of contingent interests who have not consented, or beneficiaries who are under legal disability and who, therefore, cannot consent, the trust cannot be terminated. *Anderson* v. *Williams*, 262 Ill. 308, 315; *Hubbard* v. *Buddemeier*, 328 id. 76.

Myrtle H. Botzum is the life beneficiary under this trust and the donee of a power of appointment to be exercised by her in her last will. In this suit she represented her own appointee as fully and completely as anyone having a future contingent interest could be represented in any case. She is the only person who could bring into existence an estate or interest in an appointee, or turn the course of ownership of the *corpus* of the trust. Until she dies it is impossible to determine, with finality, whether there will be an appointee and, if so, who he will be. *McFall* v. *Kirkpatrick*, 236 Ill. 281, 305, 306.

We have held that no title or interest in the thing vests in a donee of a power by the creation of that power alone. It amounts to a virtual offer to him of the estate or fund and he may accept or reject it at will, and no title can vest thereby until he accepts the offer. (*Gilman* v. *Bell*, 99 Ill. 144, 150, 151; *Bradford* v. *Andrew*, 308 id. 458, 462.) If the existence of a power adds nothing to the estate or interest of the donee until he exercises the power, although it is general and may be exercised for his own benefit or the benefit of his estate, it likewise creates no title or interest in his appointee, until the power is fully exercised. (*McFall* v. *Kirkpatrick, supra.*) The possible appointees under the general power given Myrtle H. Botzum have no title or interest in the *corpus* of the trust.

Appellant contends that the words "heirs-at-law" in the phrase, "in case of the death of either of the said John L. Lacey or Ruth E. Lacey prior to the death of my said wife, then the share or portion herein devised to them respectively shall go and descend to their heirs-at-law," were

words of purchase and not of limitation; hence, it says, there is a want of necessary parties, to-wit: the heirs of John L. Lacey and Ruth E. Velde. There is a strong presumption that the word "heirs" is used in its technical sense, that is, denoting the whole of the indefinite line of inheritable succession. It should not be construed as a word of purchase unless a contrary intention is clearly expressed. (*Fay* v. *Fay,* 336 Ill. 299, 305; *Meeker* v. *Steepleton,* 309 id. 337.) In *Riggin* v. *Love,* 72 Ill. 553, a deed conveyed to a wife a life estate and, at her death, absolutely to her husband, and if he predeceased her, then to his heirs-at-law. We held that the words "heirs-at-law" were words of limitation and not words of purchase. *Burton* v. *Boren, supra,* is to the same effect. The manifest intention in the case before us is that if Myrtle H. Botzum died without exercising her power of appointment, John L. Lacey and Ruth E. Velde were to receive the property absolutely. The fact that land is now a part of the *corpus* does not change the situation. The reference to "descend" and "their heirs" serves only to make such intention the more certain. The consent of John L. Lacey and Ruth E. Velde, coupled with the complaint filed by Charles A. Botzum and Myrtle H. Botzum, his wife, placed all the parties in interest before the court.

In *Anderson* v. *Williams, supra,* a life estate was devised to Mary Anderson with contingent remainders to her four children. There was no question that they had an interest although it was contingent, and although appellant relies strongly on the case it is not in point here. In *Hubbard* v. *Buddemeier, supra,* there was a minor defendant who had a contingent interest. For that reason that case is not in point.

Here, all the parties in interest were before the court and it committed no error in terminating the trust.

The decree is affirmed.

*Decree affirmed.*