### RANDALL et al. v. RANDALL.
No. 231.

District Court, S. D. Florida.
Dec. 20, 1944.

ecuted August 23, 1932. George DeGolyer Randall, Laura Randall Huttig, Walter Doane Randall, Donald Treat Randall, a minor, and Herbert Thomson Randall, all being children of the donor, are named in said trust agreement as the beneficiaries of said trust. All of said named beneficiaries, with the exception of Donald Treat Randall, were adults at the time said trust was created, and are parties to this action.

3. The trust agreement provides that the trust shall terminate upon the death of the donor and that:

"(a) Upon the death of the donor, the trustees shall pay the expenses of the donor's last illness and burial and any unpaid compensation of the trustees and expenses of this trust and thereupon this trust shall terminate and the remainder of the trust estate remaining in the hands of the trustees, including all accumulated income, shall pass to and be delivered, transferred, conveyed, and assigned to, and divided among, the five surviving children of the donor, to-wit: Herbert Thomson Randall, George DeGolyer Randall, Laura Randall Huttig, Walter Doane Randall, and Donald Treat Randall, in equal parts, share and share alike.

"(b) In the event that at the time of my death, my son Donald Treat Randall shall not have attained the age of twenty-five years, then this trust shall not terminate as to his share, but the said trustees shall retain and hold the share of said Donald Treat Randall in trust, with all the powers herein conferred on said trustees and said trustees shall use so much of the income or corpus of his share of the trust estate as they may deem wise or necessary, for his support, care, maintenance and liberal education, the balance thereof to be transferred and delivered to him when he attains the age of twenty-five years.

"(c) In the event that any of the said five children of the donor should die before the death of the donor, leaving no surviving child or children, or surviving issue of a deceased child or children, and leaving no surviving husband or wife with whom such child was living at the time of his or her death, then the share of this trust estate which would otherwise have passed to such child, shall pass to and be paid over to and divided among the remaining children of the donor, or their issue, in equal parts, share and share alike, per stirpes and not per capita.

Addison L. Williams and Clark W. Jennings, both of Orlando, Fla., for plaintiff.

W. H. Poe, of Orlando, Fla., for defendant.

DE VANE, District Judge.

1. This action was instituted for the purpose of dissolving an irrevocable trust.

2. Plaintiff Mary Bell Randall is the donor and the life beneficiary of a certain trust created by a trust agreement ex-

310

"(d) In the event that any of the said five children of the donor should die before the death of the donor, leaving a surviving child or children, or surviving issue of a deceased child or children, such surviving child or children or surviving issue of a deceased child or children, shall be entitled to, and shall take, share and share alike, per stirpes, the share of the trust estate that his, her or their father or mother would have taken, if living at the time of the donor's death.

"(e) In the event that any of the said five children of the donor should die before the death of the donor, leaving no surviving child or children, or surviving issue of a deceased child or children, but leaving a surviving husband or wife with whom such child was living at the time of his or her death, then this trust will not terminate as to the share of the trust estate which would have been received by such child if living, and the said trustees shall hold said share in trust, for the use and benefit of such surviving husband or wife, with all the powers as hereinbefore granted, and shall pay the full net income from said share to such surviving husband or wife, until he or she either dies or remarries, whichever event first occurs. Upon the death or re-marriage of such surviving husband or wife, whichever shall first occur, the said trust as such share shall thereupon terminate, and the corpus thereof, together with any accumulated and undistributed income, shall pass and be turned over and delivered to, the remaining children of the donor, or their issue, share and share alike, per stirpes and not per capita."

4. Only one of the named beneficiaries is under disability, namely, Donald Treat Randall, a minor, whose natural father was duly appointed by the County Judge's Court of Orange County, Florida, as guardian of his person and estate, and, as such guardian, is a party to this action.

5. Plaintiffs George DeGolyer Randall, Laura Randall Huttig, and Walter Doane Randall, and defendant, Herbert Thomson Randall, are the trustees named in said trust agreement, were duly qualified as such, and have actively administered the trust; and all of said trustees are parties to this action.

6. The evidence discloses that the trust was created for the purpose of relieving the donor of the responsibility of managing the assets conveyed thereto, and of providing for a collective control of said assets by the adult beneficiaries, thereby enabling them to gain desirable experience and responsibility in the management of said property, and, at the same time, of assuring the donor that she would have a sufficient income for her own needs.

The purposes for which the trust was created have been accomplished, and the trust is no longer necessary.

It is the desire of the donor, the adult beneficiaries, and the guardian of the minor beneficiary that the trust be dissolved, for the following reasons: By selling her life estate to the beneficiaries and obtaining $264,350 therefor, Mrs. Randall is assured of sufficient assets for her support. Her children have become experienced in the management of the property, and she desires each of them to receive his own share. The war has vitally affected the lives of three of her children who have been in active service in the Army and Navy of the United States, and are subject to active service abroad. If there is a present distribution of the trust assets, adequate provision for these individuals will be made, and their families assured of economic independence. All of the beneficiaries, with the exception of Donald Treat Randall, who is eighteen years of age, have reached a mature period in life, and are well qualified to look after their property.

The donor has entered into a contract with the beneficiaries dated October 10, 1944, the original of which was received in evidence as plaintiffs' Exhibit 2. By the terms of this contract, the adult beneficiaries and the guardian of the minor beneficiary purchased from the donor, Mary Bell Randall, in the form of undivided one-fifth interests therein, all of her life estate in the trust corpus for a total sum of $264,350.

7. The donor, the guardian of the minor beneficiary, all the adult beneficiaries, and the trustees named in the trust agreement have consented to the dissolution of said trust, with the exception of the defendant, Herbert Thomson Randall, who filed an answer and counterclaim in his individual capacity and as one of the trustees of said trust. The following questions were presented to the Court:

(a) Have all parties necessary to a proper adjudication of this action been joined as parties plaintiff and defendant?

(b) What interests did the trust agreement give the children of the donor?

(c) What was the result of the consent of the donor and her children to a dissolution of the trust?

(d) What effect did the consent of the donor and her children to a dissolution of the trust have upon the interests of the contingent beneficiaries, in esse and unborn?

(e) Were the contingent beneficiaries, in esse and unborn, necessary parties to this action?

(f) Were the contingent beneficiaries, in esse and unborn, properly represented in this action?

(g) Were the interests of the contingent beneficiaries, in esse and unborn, subjected to the jurisdiction of the court?

(h) Are the contingent beneficiaries, in esse and unborn, bound by the decree in this action?

(i) There being no purposes of the trust unfulfilled, what was the effect on the trust of the consent to its dissolution by the donor, the trustees, the adult named beneficiaries and the guardian of the minor named beneficiary?

(j) What was the effect of the purchase by the named beneficiaries of the life estate of Mary Bell Randall in the trust assets?

(k) Was the valuation placed upon the trust assets fair and reasonable?

(1) Was the valuation placed upon the life estate of Mary Bell Randall fair and reasonable?

(m) Was that certain proposed trust indenture, signed as of August 23, 1932, a photostatic copy of which was received in evidence as plaintiffs' Exhibit 22, ever consummated by the parties thereto, and has it ever had any force and effect as a validly executed trust agreement?

■ 8. The trust herein sought to be dissolved is an active trust, and, by its terms, irrevocable. However, the donor or settlor is alive, and has entered into an agreement with her four adult children and the guardian of her minor child, by the terms of which the children and guardian have agreed to purchase her life interest in the assets of the trust; and all of said parties have consented to the dissolution of the trust. By the terms of the trust instrument, these children took vested interests in the assets of the trust, subject only to the life estate therein of the donor. There are no vested interests in the trust property other than the interests of said children. Therefore, the donor, her four adult children, and the guardian of her minor child, all of whom have been made parties hereto, are the only necessary parties to a proper adjudication of this action. See Restatement of the Law, Trusts, Vol. 2, page 1033, Sec. 338(1), which states the rule as follows: "If the settlor and all of the beneficiaries of a trust consent, and none of them is under an incapacity, they can compel the termination or modification of the trust, although the purposes of the trust have not been accomplished."

■ 9. The court is of the opinion that the fact of the minority of Donald Treat Randall should not prevent a dissolution of the trust in question, insofar as his interest therein is concerned. The record discloses that the guardian of said minor was authorized by the County Judge's Court of Orange County, Florida, which appointed said guardian, to enter into the contract dated October 10, 1944, whereby the donor's life estate was purchased by the adult vested beneficiaries and the guardian of said minor vested beneficiary, and to consent to the dissolution of the trust. The Florida Constitution, statutes, and cases all hold that the County Judge has complete and broad supervisory powers over all matters pertaining to a minor's estate. Article 5, Section 17, Florida Constitution; Section 36.01 F.S.A.; Krivitsky v. Nye, 152 Fla. 614, 12 So.2d 595; Crosby v. Burleson, 142 Fla. 443, 195 So. 202; Pournelle v. Baxter, 142 Fla. 517, 195 So. 163; Tyre v. Wright, 144 Fla. 90, 197 So. 846; State ex rel. North v. Whitehurst, 145 Fla. 559, 1 So. 2d 175.

The record discloses, furthermore, that the dissolution of the trust is to the decided benefit of the minor beneficiary. Under the circumstances, equity will not prevent a dissolution of the interest of a beneficiary in a trust merely on the ground that said beneficiary is a minor. Blocker v. Blocker, 103 Fla. 285, 137 So. 249. See, also, Riedlin's Guardian v. Cobb, 1928, 222 Ky. 654, 1 S.W.2d 1071, in which case a trust agreement was executed among several parties, whereby one of them was given the beneficial interest for life, the corpus upon her death to be divided into three parts, two of which were to be paid to two adult beneficiaries and one part to two infant beneficiaries, for

whom a guardian was appointed. The court held as follows: "Where it appears that it is to the advantage of the minor remaindermen that the trust should be terminated during the lifetime of the life beneficiary and the corpus divided among the various beneficiaries, it can be so terminated by and with the consent of all the parties interested, namely, the life beneficiary, the trustee of the trust, the adult remaindermen beneficiaries, and the guardian of the minor remaindermen."

The decision in the Riedlin case, supra, cited as its authority the case of Maclay v. Equitable Life Assurance Society, 1893, 152 U.S. 499, 14 S.Ct. 678, 680, 38 L.Ed. 528. The Supreme Court of the United States in that case held that the guardian had authority to surrender an insurance policy and receive its surrender value on behalf of his ward, where such action on the part of the guardian appeared to be for the benefit of the ward, and went on to say: "There is nothing to show, or even to raise a suspicion, that the action of the guardian was not for the best interest of the ward, upon the state of facts then existing."

■ 10. When the children of the donor purchased her life estate, and she and her said children consented to a dissolution of the trust, the equitable and legal estates outstanding in the trust assets were merged, and the trust was thereby legally terminated. By such action, the contingent interests of all persons, in esse and unborn, who would or might have taken upon the death of the donor had any of the vested beneficiaries predeceased her, were destroyed.

The rule that the immediate parties to a trust indenture or settlement may, by mutual consent, change or revoke the same, and that persons having no vested interest under the trust have no ground for complaint, is approved in the annotations on "Revocation of Trust by Consent," in 131 A.L.R. 469; 91 A.L.R. 114, and 38 A.L.R. 965, and also by the following recent decisions: Commissioner of Internal Revenue v. Bacher, 1939, 6 Cir., 102 F.2d 500; Botzum v. Havana National Bank, 1937, 367 Ill. 539, 12 N.E.2d 203; Simon v. Reilly, 1940, 126 N.J.Eq. 546, 10 A.2d 474; McEvoy v. Central Hanover Bank & Trust Co., 1937, 274 N.Y. 27, 8 N.E.2d 265; Thatcher v. Empire Trust Co., 1935, 243 App.Div. 430, 277 N.Y.S.

874; Beam v. Central Hanover Bank & Trust Co., 1936, 248 App.Div. 182, 288 N.Y.S. 403; Dunnett v. First Nat. Bank & Trust Co., 1938, 184 Okl. 82, 85 P.2d 281; In re Donnan's Trust Estate, 1940, 339 Pa. 43, 13 A.2d 55; Bottimore v. First & Merchants Nat. Bank, 1938, 170 Va. 221, 196 S.E. 593; Fowler v. Lanpher, 1938, 193 Wash. 308, 75 P.2d 132.

In Dunnett v. First Nat. Bank & Trust Co., 1938, 184 Okl. 82, 85 P.2d 281, 282, the court held: "In order for a person to have such beneficial interest that the trust cannot be revoked without his consent it must be an interest taken by purchase under the terms of the trust agreement; if the interest is one which the person takes by descent rather than by purchase, it is not such an interest as to require his consent to revoke the trust."

In Thatcher v. Empire Trust Co., 1935, 243 App.Div. 430, 277 N.Y.S. 874, 876, the court held: " * * * the mere possibility that at some time in the future the class may be opened to let in other possible beneficiaries does not require their consent, as all that is necessary is that those shall consent who would take if the trust were terminated at that moment."

In 131 A.L.R. 470 it is stated: " * * * the unborn heirs were not beneficially interested in the trust to such an extent as to prevent a revocation of the trust effected with the consent of the settlor's wife and daughter, who were the only parties who would be entitled to share in the distribution of his personal property if he died intestate at that time. Beam v. Central Hanover Bank & Trust Co., 1936, 248 App.Div. 182, 288 N.Y.S. 403."

In Fowler et al. v. Lanpher et al., 193 Wash. 308, 75 P.2d 132, 136, which was a suit to terminate two trusts, the first made by the deceased husband of the donor of the second trust, the court, after quoting from "Restatement of Law, Trusts", said:

"The rule that an active trust cannot be terminated upon the consent of all the interested parties does not apply when the trustor is living.

.    *    *    *    *    *

"Respondent's contention that the grandchildren have a contingent interest in the trust estate cannot be sustained. The trust agreement makes a definite provision for the division of property and designates just who shall have the divided shares. It makes no provision for grandchildren

unless one of the children dies before the death of the maker of the trust agreement.

\*    \*    \*    \*    \*

"Courts can only ascertain the intent of the parties to an agreement by the language used, and from that used \* \* \* by Mrs. Fowler, we conclude that she did not desire to give at that time any property to her grandchildren, some of whom were living when the trust agreement was executed. Had Mrs. Fowler intended the grandchildren to have an interest in the trust she would, without doubt, have mentioned them in the agreement.

"It is our opinion that those interested in the Fannie Fowler trust were Mrs. Fowler and her living children, and all being of age and competent were entitled to have her trust determined."

■ 11. The contingent beneficiaries are not necessary parties to this action. See cases above cited.

12. Assuming, however, that the contingent beneficiaries are necessary parties, they are properly represented by the trustees and the vested beneficiaries, all of whom are before the court. Their interests are therefore subjected to the jurisdiction of the court, and they are bound by the decree in this action.

The rule was laid down by Lord Hardwicke in the leading case of Hopkins v. Hopkins (1783) 1 ATK 581, 26 Eng. Reprint 365, as follows: "If there are ever so many contingent limitations of a trust it is an established rule that it is sufficient to bring the trustees before the court, together with him in whom the first remainder of the inheritance is vested, and all that may come after will be bound by the decree, though not in esse unless there be fraud and collusion between the trustees and the first person in whom a remainder of inheritance is vested."

This rule has been followed by numerous leading cases in the United States.

In 120 A.L.R. 887 appears the following: "The rule is stated in Franklin Sav. Bank v. Taylor, 1893, 7 Cir., 53 F. 854, that where the successive interests are all equitable and supported by a legal estate devised or granted to a trustee, the latter may well be regarded as representing, for the purposes of a suit effecting the trust property, the remote and contingent interest of the beneficiaries."

In Blocker et al. v. Blocker, 103 Fla. 285, 137 So. 249, 252, it is stated:

"'If an estate is vested in persons living, subject only to the contingency that persons may be born who will have an interest therein, the living owners of the estate, for all purposes of any litigation in reference thereto, represent the whole estate and stand, not only for themselves, but also for the persons unborn, and a judgment entered in such litigation binds their interest, if it provides for and protects them, and also if the court determines that they have no interest to be protected. \* \* \* The doctrine of representation applies for reasons not only of convenience and justice, but of necessity also, because it is impossible to make them personally parties. Necessity is recognized as an all sufficient reason for it wherever such necessity exists.' 23 R.C.L. 583, 584. See, also, Ridley v. Halliday, 106 Tenn. 607, 61 S.W. 1025, 53 L.R.A. 477, 82 Am.St.Rep. 902.

"'\* \* \* In this connection, we quote with approval and apply to this case the following language of the annotator as used in 8 L.R.A.,N.S., 62:

"'\* \* \* Thus to shackle estates without the power of relief, unless every person having a contingent and possible interest could be brought before the court, would be to sacrifice the rights and interests of the present generation to those of posterity. If the whole property of the country were thus situated, it is obvious that all improvement and advance would be completely checked.'"

13. It is the court's opinion that the factors considered in computing the value of the trust assets were properly considered, and that the value of the trust assets shown by the record is fair and reasonable. The court is also of the opinion that the method used in computing the value of the life estate of Mary Bell Randall was proper and that the value placed thereon was likewise fair and reasonable. The method of computation used in arriving at the value of her said life estate was that used by the parties interested in computing the value of the interests of the life beneficiaries in the two trusts involved in the case of Bell's Estate v. Commissioner of Internal Revenue, 8 Cir., 1943, 137 F.2d 454.

■ As held in the Bell case, supra, and in the case of Blair v. Commissioner

of Internal Revenue, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, the life estate of Mary Bell Randall was a capital asset, which she was entitled to sell for its reasonable value.

14. The only remaining question in this action involves that certain proposed trust indenture, a photostatic copy of which was received in evidence in this cause as plaintiffs' Exhibit 22, signed as of August 23, 1932, by Mary Bell Randall, Herbert Thomson Randall, George De-Golyer Randall, Laura Randall Huttig, J. W. Huttig, and Walter Doane Randall, and delivered to the representative of the Fifty-Third Union Trust Company of Cincinnati, Ohio, which was then and, as far as the record discloses, is now the transfer agent for corporate stocks which were a part of the trust assets. The record discloses that this trust indenture was an earlier draft which was never accepted or acted upon by the parties, but was delivered to said trust company, and that, by mistake, the representative of said trust company, who is now dead, failed to destroy it as he was subsequently instructed to do by the parties interested therein. Neither said trust company nor any other party acquired rights of any nature as a result of the delivery to said trust company of said proposed trust indenture, which is hereby declared null and void.

Findings of fact and conclusions of law in conformity with this opinion will be filed in this action.