HORTON, Judge.
Plaintiff bank seeks review of an adverse final decree in an action brought to determine its rights, obligations and duties as trustee under a trust agreement. Maurice Gusman, who was a defendant below, has filed a joinder in appeal.
The appellee Barbara Lou Rado Kerness is one of three beneficiaries of an irrevocable Spendthrift Trust created on December 30, 1952, by her grandfather, appellant Gusman. The other beneficiaries are Stuart Allen Rado and Jackie Lynn Gusman, both minors. The appellant bank is the trustee.
By its terms, the Gusman Trust set up subordinate Trusts A, B, and C, each having an individual beneficiary and contingent beneficiaries who were to receive the income and eventually the corpus of the trusts. The beneficiaries of each subordinate trust were, by the terms of the Gus-man trust, contingent beneficiaries of the other subordinate trusts. For example, if the individual beneficiary of Trust A should die, the corpus and income of said trust would be paid in equal shares to his surviving issue, and if no issue survived, the corpus and income of Trust A would become part of Trust B, and so forth. The appellee Kerness is the beneficiary of Trust A, and the appellees Stuart Allen Rado and Jackie Lynn Gusman are the beneficiaries of Trusts B and C, respectively. Trust A provided that the trustee should invest and reinvest the corpus and accumulate the income until appellee Kerness reached age 21, at which time the trustee was to make a distribution of the accumulated income and one-half of the corpus. The balance of the corpus was to be retained and reinvested by the trustee. The income earned by this remainder was to be paid to the appellee Kerness periodically until she reached age 30 when she would receive the balance of the corpus and Trust A would be terminated. The Gusman Trust provided that the settlor, appellant Gusman, or others might add to the corpus by depositing additional money *779 or property with the trustee to be held and disbursed by it in the same fashion as if it were a part of the original corpus. It contained an additional provision authorizing payment to the beneficiaries, in addition to the regular payments designated in the trust, of such sums of money which in the sound judgment and discretion of the trustee were deemed advisable to promote their health, education and welfare.
On June 6, 1960, appellee Kerness reached age 21, at which time she was married and pregnant, and the appellant bank made a distribution to her of the accumulated income and one-half of the corpus of Trust A in accordance with its terms. On June 10, 1960, appellee Kerness executed a trust instrument, naming the appellant bank as trustee, which provided in part as follows:
“Barbara by the execution of these presents does hereby assign, transfer and convey over to the Bank, as Trustee, its successors and assigns, all of the property listed on Schedule A attached hereto and all of the property which she was entitled to on the 6th day of June, 1960 by virtue of the provisions of the December 30, 1952 Trust Agreement * * * IN TRUST, NEVERTHELESS, for the uses and purposes and pursuant to the powers set forth in said Trust Agreement of December 30, 1952 as same are applicable to Trust A. The property hereby transferred is to be held in said Trust A only.”
This instrument also contained a provision stating that the appellee Kerness retained no right to revoke or terminate the trust agreement or any of its provisions.
Subsequently the appellee Kerness made application to the trustee for an advancement under the health, education and welfare provision of the Gusman Trust, submitting a detailed financial statement to; illustrate the necessity for such an advancement. The trustee filed a bill of complaint-for declaratory decree, alleging doubt as, to whether it could, under the terms of the Gusman Trust, make the requested advancement,- inasmuch as the request showed on its face that the sums requested were for the living expenses of the appellee Kerness, her child and her husband. The complaint sought a declaration of the rights, obligations and duties of the trustee. Named as defendants were the appel-lee Kerness, appellant Gusman, and appel-lees Stuart Allen Rado and Jackie Lynri Gusman. In due course, a guardian a<f litem was appointed to represent the interests of the latter two. The infant child of the appellee Kerness was not a party to these proceedings, nor was a guardian acf litem appointed to represent its interests.
The appellee Kerness answered denying the main allegations of the complaint and counterclaimed, seeking revocation, termination and dissolution of the trust agreement she had executed on June 10, 1960. The counterclaim alleged that the appellee Kerness was the settlor and sole beneficiary under the June 10, 1960, trust.
The guardian ad litem answered demanding strict proof of the allegations contained in all the pleadings and that the court take any action deemed necessary to protect such interests of the minors he represented which might be involved in this case.
The appellant bank replied to the counterclaim admitting that the appellee Kerness was the settlor and sole beneficiary of the June 10, 1960, trust, but denying the substance of the remaining allegations.[1]
Both the appellant bank and appellee Kerness moved for judgment on the -pleadings. After hearing, the court entered the *780 final decree appealed, concluding; that there was no issue of fact to be resolved, and that the appellee Kerness was entitled, as a matter of law, to revoke the June 10,, 1960, trust since she was both its settlor and sole beneficiary and there were no other parties with a vested interest thereunder.
-Appellants contend that since those provisions of the Gusman Trust applicable to subordinate Trust A were specifically incorporated by reference into the June 10, 1960, trust as controlling, the latter is irrevocable. We conclude this contention has merit.
In Byers v. Beddow, 106 Fla. 166, 142 So. 894, the Supreme Court of Florida said:
“ ‘Equity tribunals have always exercised a supervisory power over the management of trust estates and the conduct of trustees, but they have never, save in exceptional cases, asserted the power to dissolve a trust before the expiration of the term for which it was created. Trusts which have become impossible of performance are among the exceptions, and so are marriage settlements where the marital relation has been annulled, and other kindred cases. There was also a larger class, where the Court would decree dissolution of the trust on the application of all the interested parties, but this was strictly limited to cases where the whole design and object of the trust scheme had been practically accomplished, and all the interest created by it had become vested and all the parties beneficially interested desired its termination. Even then the assent of the trustee was essential to the exorcise of jurisdiction; * * 26 R.C.L. 1211; Cuthbert v. Chauvet, 136 FLY. 326, 32 N.E. 1088, 18 L.R.A. 745.”
Further, it is well settled that a court must decline to dissolve or terminate a trust where there may be persons interested therein who are not before the court. Huttig v. Huffman, 151 Fla. 166, 9 So.2d 506; Byers v. Beddow, supra.
Reverting to the case at bar, a thorough reading of both instruments leads to the conclusion that those provisions of the Gusman Trust applicable to subordinate Trust A are, and were intended to be, an integral part of the June 10, 1960, trust. This requires that the two instruments be read together. Under the terms of the trust so created, as so read, the appellee Kerness was the beneficiary and her infant child and the appellees Stuart Allen Rado and Jackie Lynn Gusman were contingent beneficiaries. The result is that, in the light of the facts as they appear from the record, the trust executed by the appellee Kerness on June 10, 1960, is irrevocable. All interested parties have not applied for its dissolution; the designs and objects of the trust scheme have not been practically accomplished; all the interests created by it have not vested; all the parties beneficially interested do not desire its termination; the trustee has not assented to its termination. Further, there is a person, the infant child of the appellee Kerness, who is interested therein but who was not before the court.
The appellee Kerness, having elected to resubject her property to the terms of the Gusman Trust, created legal interests in third parties, which she cannot now unilaterally destroy.
Accordingly, the final decree appealed should be, and is hereby, reversed, with directions to dismiss the counterclaim of the appellee Kerness.
Reversed with directions.

. Appellee Kerness contends that this admission by pleading precludes any discussion on appeal relative to the revoca-bility and terminability of the June 10, 1960, trust. This contention is without merit. It ignores the presence and interests of parties who are not bound by the admission, notably appellant Gus-man.