**McPARTLAND, Trustee v. PALMER, et al.**

No. 74-254-CA.

Circuit Court, St. Lucie County,

August 28, 1974.

Ralph H. Martin of Milam, Martin & Ade, Jacksonville, for the plaintiff.

Richard V. Neill of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, attorney ad litem for minors and unknown defendants.

JAMES E. ALDERMAN, Circuit Judge.

*Declaratory judgment:* The plaintiff, T. J. McPartland, Jr., as trustee of the Edwin Binney Heirs Trust II, filed this action for declaratory judgment. Mr. McPartland is trustee under a certain agreement and declaration of trust dated July 20, 1970, between himself as trustee and Dorothy Binney Palmer, Helen Binney Kitchel, Elizabeth Peters Binney, Barbara Kitchel Girdler, Happy Kitchel Egler, Allan Farrand Kitchel, Jr., Douglas Binney Kitchel, Edwin Binney 3rd and David Binney Putnam, as donors. Each had a vested interest in the original Edwin Binney Heirs' Trust which terminated on September 8, 1970. The assets of the first trust were transferred to the present trust and are referred to as the "original assets of this trust."

In the declaration of trust, the donors recite that they were desirous of creating a trust for the purpose of protecting and conserving the aforesaid properties and to provide for an orderly disposition, liquidation, or distribution thereof, if and when such is deemed proper. It is provided that the trust shall terminate ten years from the date of the trust agreement (July 20, 1970), or upon the death of the last surviving donor, whichever shall last occur. During the continuance of the trust, the trustee is required, after retaining a sufficient sum to meet and pay known or anticipated expenses and obligations incurred in connection with the operation and management of the trust estate, including compensation to the trustee for his services, to distribute and pay over, not less frequently than quarter-annually, seven forty-fifths of the net income of the trust to or for the benefit of each of the following —

Dorothy Binney Palmer
Helen Binney Kitchel
Elizabeth Peters Binney

and four forty-fifths of the net income of the trust to or for the benefit of each of the following —

Barbara Kitchel Girdler
Happy Kitchel Egler
Allan Farrand Kitchel, Jr.
Douglas Binney Kitchel
Edward Binney 3rd
David Binney Putnam

Upon termination of the trust, it is provided that the principal and any undistributed income of the trust be paid over absolutely and be distributed to the above named donors, or their respective designated beneficiaries, in the same proportion as the income is allocated.

Upon the death of any of the donors prior to the termination of the trust, the share of net income to which the deceased donor would have been entitled during the continuance of the trust, had he or she lived, is to be paid over and distributed during the remainder of the trust as provided by the terms of the trust, and, upon the termination of the trust, the share of principal and undistributed income to which the deceased donor would have been entitled had he or she lived, is to be paid over absolutely and distributed as provided by the terms of the trust.

The trust provides that upon the death of donor Dorothy Binney Palmer, her share would go in equal shares, share and share alike, to her great-granddaughters living at the time of her death, or to the survivors or survivor thereof. At the time the trust was created there were seven such great-granddaughters in being: Nilla Dudley, Jane Dudley, Dorothy Binney Dudley, Sally Dudley, Heather Michele Putnam, Dorothy Alice Putnam and Corinna Lee Roth. Since that time, two additional great-granddaughters of Dorothy Binney Palmer have been born: Amy Putnam and Christina Roth.

The trust provides that upon the death of donor Helen Binney Kitchel, her share would go share and share alike to her children (or if a child is deceased, to his or her surviving issue, per stirpes). At the time the trust was created, there were four such children in being: Barbara Kitchel Girdler, Happy Kitchel Egler, Allan Farrand Kitchel, Jr. and Douglas Binney Kitchel. Since that time one of the said children, Allan Farrand Kitchel, Jr., has died, survived by two daughters: Heather K. Leachman and Binney K. Wills.

The trust provides that upon the death of donor Elizabeth Peters Binney her share would go to her estate to be administered and disposed of in the manner and at the time provided by the will (or by law, in the absence of such will) for the residue of her estate unless specific provision is made therein for some other disposition. Elizabeth Peters Binney is deceased and the National Shawmut Bank of Boston and Edwin Binney 3rd, the co-executors of her estate, are party defendants in this cause.

The trust provides that upon the death of Donor Barbara Kitchel Girdler, her share would go share and share alike to her four sons (or if a son is deceased, to his surviving issue, per stirpes). At the time the trust was created and at the present time, her four sons are Reynolds Girdler, Jr., John G. Girdler, Lewis Girdler and Allan T. Girdler.

The trust provides that upon the death of donor Happy Kitchel Egler, her share would go to her estate, to be administered and disposed of in the manner and at the time provided by her will (or by law, in the absence of such will) for the residue of her estate unless specific provision is made therein for some other disposition.

The trust provides that upon the death of donor Allan Farrand Kitchel, Jr., his share would go share and share alike to his two daughters (or if a daughter is deceased, to her surviving issue, per stirpes). Allan Farrand Kitchel, Jr. is deceased and is survived by his two daughters, Heather K. Leachman and Binney K. Wills.

The trust provides that upon the death of donor Douglas Binney Kitchel, his share would go share and share alike to his four children (or if a child is deceased, to his or her surviving issue, per stirpes). At the time the trust was created and at the present time, his four children are Douglas B. Kitchel, Jr., Frederick H. Kitchel, Robert G. Kitchel and Alice S. Kitchel.

The trust provides that upon the death of donor Edwin Binney 3rd, his share would go to his estate to be administered and disposed of in the manner and at the time provided by his will (or by law, in the absence of such will) for the residue of his estate unless specific provision is made therein for some other disposition.

David Binney Putnam, one of the original donors, has sold his interest in the trust to the trustee as provided by the terms of the trust and no longer has an interest in the trust and is not a party to this suit.

In the declaration of trust, the donors reserved the right to revoke, alter, amend or terminate the trust, in whole or in part, from time to time by unanimous written consent of all the living donors;

provided, however, there be no revocation, alteration, amendment or termination, in whole or in part, of the distribution of the trust estate as set forth therein, and no revocation or termination prior to ten years of date.

All the living donors of the trust (except David Binney Putnam, whose interest in the trust has been purchased by the trust) have submitted to the plaintiff, as trustee, an amendment to the trust, described as Amendment No. 1, which provides —

> "During the continuance of this trust, from time to time, the trustee shall distribute from this trust and pay over absolutely, free of this trust, so much of the principal assets of this trust, including up to the whole thereof, as the trustee, in his uncontrolled discretion, shall determine to be consistent with the purposes of this trust; provided, however, any such distribution shall be in the same proportions and to the same persons entitled thereto as set forth in Article IV for the distribution of income during the continuance of this trust."

The plaintiff as trustee has received a demand for distribution from all the now living "donors" and present beneficiaries of the trust. These persons demand the distribution to them of principal and corpus assets determined by the trustee not to be needed in the operation of the trust or by any corporation or business undertaking owned by the trust. To the complaint for declaratory judgment, waivers and answers have been filed by each of the six now living donors, admitting the truthfulness of each and every fact alleged in the complaint and the genuineness of each and every exhibit attached. Similar waivers and answers have been filed by the four sons of living donor Barbara Kitchel Girdler, the four children of living donor Douglas Binney Kitchel, the two daughters of deceased donor Allan Farrand Kitchel, Jr. and the co-executors of the estate of deceased donor Elizabeth Peters Binney.

The nine great-granddaughters of donor Dorothy Binney Palmer in being at the present time, all of whom are minors, have been named as party defendants. Richard Neill, a member of the Florida Bar, has been appointed guardian ad litem for these minor defendants, plus any other persons, known or unknown, born or unborn, who might have an interest in this trust. Notice of action as to any unknown parties has been duly published as required by law.

In his complaint, the trustee asks for declaratory judgment as to the following —

1. Whether the trust as originally written confers upon the trustee legal authority to distribute principal assets from time to time prior to the termination of the trust.

2. Whether Amendment No. 1 to the trust is effective legally in view of the limitation upon the right of revocation or termination of trust prior to ten years of the date of trust, as provided therein; and whether Amendment No. 1 confers upon the trustee the legal authority to distribute principal assets from time to time prior to termination of the trust.

3. Whether the trustee from time to time may make principal asset distribution from the trust to one or more of the beneficiaries, the trustee retaining the proper proportionate share of such principal assets for the remaining one or more of the beneficiaries or classes of beneficiaries until termination of the trust.

The guardian ad litem in his answer contends that Amendment No. 1 is invalid and ineffective as being in direct conflict with the terms of the trust. He argues that to permit the distribution of principal assets would defeat the intent of the trust as such distribution would, in effect, permit termination of the trust prior to the time set for termination. He alleges that all interested parties to the trust have not consented to the termination of the trust.

This matter is before the court upon motion for summary judgment. Both the plaintiff and the guardian ad litem agree that there is no genuine issue as to any material fact.

### First question

The trustee's first question, whether the trust as originally written confers upon the trustee legal authority to distribute principal assets from time to time prior to the termination of the trust, may be answered by reference to the declaration of trust. It is clear and unambiguous that the intent of the original trust was that only income be distributed during the term of the trust. There can be no other answer but that the trust as originally written does not confer upon the trustee legal authority to distribute principal assets prior to the termination of the trust.

### Second question

The second question requires more detailed consideration. The declaration of trust states that the trust shall not be revoked, altered, amended or terminated except as expressly provided therein. It then provides that the trust may be revoked, altered, amended or terminated, in whole or in part, from time to time, by the unanimous written consent of all the living donors, *however,* there shall be no revocation, alteration, amendment or termination, in whole or in part of the distribution of the trust estate and no revocation or termination prior to ten years of date.

Each of the now living donors, with the exception of David Binney Putnam, who no longer has an interest in the trust, has consented to Amendment No. 1. However, Amendment No. 1, on its face, violates the restrictions contained in the declaration of trust on the right of revocation in that it alters the distribution of. the trust estate and also would allow termination of the trust by distribution of all of its principal assets prior to ten years of date.

*Restatement of the Law, Trusts 2d,* vol. 2, §338(1) states as a general rule —

> "If the settlor and all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination or modification of the trust, although the purposes of the trust have not been accomplished."

Have the settlors and all of the beneficiaries of this trust consented to its modification? The six now living donors have consented by their adoption of the amendment. In addition to these six, the estate of deceased donor Elizabeth Peters Binney, and the two daughters of deceased donor Allan Farrand Kitchel, Jr. are presently entitled to receive income payments from the trust and would be entitled to their share of any principal distribution if Amendment No. 1 is valid. These former contingent beneficiaries, whose interests in the trust have vested, have admitted the allegations of the complaint, and although they do not specifically consent in their answers to the amendment, the court for the purpose of this consideration will assume that they would consent.

There are also other known contingent beneficiaries whose interest in the trust have not vested. The four sons of donor Barbara Kitchel Girdler and the four children of donor Douglas Binney Kitchel have filed answers admitting the allegations of the complaint, and although these answers do not specifically consent to Amendment No. 1, the court for the purpose of this consideration will assume that they would also consent.

The guardian ad litem for the nine minor granddaughters of donor Dorothy Binney Palmer, and for any other persons, known or unknown, born or unborn, who might have an interest in this trust, has not consented. The question thus becomes whether or not the trust may be revoked, altered, amended or terminated prior to ten years of date, with the consent of the now living donors and all beneficiaries whose interests have vested. Or stated another way, is the consent of all contingent beneficiaries also required?

As pointed out above, some of the contingent beneficiaries have consented, but not all. In fact, some may not yet be born. The trust refers to the great-granddaughters of donor Dorothy Binney

Palmer living at the time of her death; these might or might not be the same as the nine presently living. The contingent provisions made by donors Helen Binney Kitchel, Barbara Kitchel Girdler, Allan Farrand Kitchel, Jr. and Douglas Binney Kitchel, for their respective children are *per stirpes*. There is no way of knowing which if any of the several contingent beneficiaries, born or unborn, might receive a vested interest in the trust before the expiration of its ten year term.

The declaration of trust specifically provides that the rights, obligations and duties of the trustee, donors and all persons having any interest thereunder shall be determined by the laws of the state of Florida. The trustee argues that the Florida law is found in the case of Randall v. Randall, 60 F. Supp. 308 (1944). This case arises in the Southern District of Florida and holds that a contingent beneficiary's interest in a trust can be eliminated without consent. The district judge in the *Randall* case, although presumptively applying Florida law, cities no Florida authority for his decision. This case also appears to be contrary to the weight of authority in the United States. Professor Scott, in his treatise on the *Law of Trusts,* vol. 3, 2d ed., §340, page 2487, states —

> "The settlor cannot revoke the trust, if he has not reserved a power of revocation, unless all of the beneficiaries consent. Nor can the beneficiaries, whether with or without the consent of the settlor, compel a disposition of the trust property other than that provided for by the terms of the trust, if some of the beneficiaries do not consent. *A nonconsenting beneficiary cannot be deprived of his interest under the trust, whether the interest is vested or contingent, whether the beneficiary is ascertained or not, whether he is under a disability or not . . ."* (Italics added.)

In the footnote to this section, Professor Scott refers to the *Randall* case as being contra to the general rule.

There are few Florida cases dealing with the termination of trusts, however, in First National Bank of Miami v. Kerness, 142 So.2d 777, the Third District Court of Appeal appears to recognize the general rule that if some of the beneficiaries refuse to consent to the revocation or modification of the trust, or are under an incapacity, or are not ascertained, or are unborn, the settlor cannot revoke the trust although the other beneficiaries consent. In *Kerness,* the court held that under the terms of the trust,

> ". . . Kerness was the beneficiary and her infant child and the appellees Stuart Allen Radó and Jackie Lynn Gusman were contingent beneficiaries. The result is that, in the

light of the facts as they appear from the record, the trust executed by the appellee Kerness on June 10, 1960, is irrevocable. All interested parties have not applied for its dissolution; the designs and objects of the trust scheme have not been practically accomplished; all the interests created by it have not vested; all the parties beneficially interested do not desire its termination; the trustee has not assented to its termination. Further, there is a person, the infant child of the appellee Kerness, who is interested therein but who was not before the court."

There are some distinguishing factual differences between *Kerness* and the matter presently under consideration, however, these do not affect the underlying principle of law. This court determines the rule of law in Florida to be that settlors of a trust cannot revoke the trust, if they have not reserved a power of revocation, unless all of the beneficiaries consent. If some of the beneficiaries refuse to consent to the revocation of the trust, or as in the case under consideration, are under an incapacity, or are not ascertained, or are unborn, the settlors cannot revoke the trust although the other beneficiaries consent.

Applying this principle of law to the second question raised by the trustee, the court determines that Amendment No. 1 is not effective legally in view of the limitation upon the right of revocation or termination of the trust prior to ten years of the date of the trust, as provided therein. The provision of Amendment No. 1 allowing distribution of principal assets would in effect permit termination of the trust prior to the time set for termination. Since such power of termination was not reserved in the original trust and since all contingent beneficiaries have not consented, it follows that Amendment No. 1 could not and does not confer on the trustee the legal authority to distribute principal assets to all present beneficiaries prior to ten years of the date of the trust.

### Third question

The third and last question raised by the trustee goes to the question of whether there can be a partial modification or termination of the trust in relation to individual beneficiaries. As to the interest of present beneficiary Dorothy Binney Palmer, whose contingent beneficiaries are her great-granddaughters living at the time of her death, and also present beneficiaries Helen Binney Kitchel, Barbara Kitchel Girdle, Allan Farrand Kitchel, Jr. and Douglas Binney Kitchel, whose contingent beneficiaries are their respective children, *per stirpes*, the answer is clear. In these cases there are contingent beneficiaries, both known and unknown, who have not or could not consent to any distribution of principal. As

to the interest of Dorothy Binney Palmer, Helen Binney Kitchel, Barbara Kitchel Girdler, Allan Farrand Kitchel, Jr. and Douglas Binney Kitchel, the trustee's third question is answered in the negative; there can be no principal asset distribution to any of these beneficiaries, except as provided by the original terms of the trust.

A different factual situation exists as to donors Elizabeth Peters Binney, Happy Kitchel Egler and Edwin Binney 3rd. These three, under the terms of the declaration of trust, had the right by will to make any disposition of their interest in the trust, in the event of their death, which is allowed by law. They named no contingent beneficiaries, who would be assured of receiving an interest in the trust in the event of their death prior to termination of the trust.

Can there be a partial termination of the trust as to these three beneficiaries? There appears to be no Florida case directly on this point. There is a division of authority in the United States. However, in a number of cases, courts have allowed the partial termination of a trust, although one or more of the other beneficiaries do not consent to such termination, on the ground that the interest of the nonconsenting beneficiaries were not prejudiced thereby. *Scott on Trusts*, vol. III, §340.2. The court believes this to be the better rule and will apply it in this case.

The original assets of the trust consisted of shares of stock in various closely held corporations, a fractional interest in a mortgage and a relatively small amount of cash. The trustee alleges that since the trust was created, Binney Properties, Inc. (one of the corporations whose stock is owned by the trust) is in liquidation, the result of which will be for said corporation to distribute to the trustee and exchange its assets for its issued and outstanding capital stock.

The original donors in the trust declaration stated that their purpose in creating the trust was for ". . . protecting and conserving the aforesaid properties and to provide for an orderly disposition, liquidation, or distribution thereof if and when such is deemed proper." If it is possible for the trustee, without violating the purpose of the trust and without prejudicing the interest of any other beneficiaries, to make a partial distribution of principal, such a distribution could be made to the estates of Elizabeth Peters Binney, Happy Kitchel Egler and Edwin Binney 3rd. Such a principal distribution could be made from time to time to one or more of the three beneficiaries referred to above. The trustee would have to retain the proper proportionate share of the principal assets for the remaining beneficiaries or classes of beneficiaries, making allowances for a proportionate reduction of income to any beneficiary who received a partial distribution of principal, until termination of the trust.

At this stage of the proceedings the court can make no judgment as to the propriety of any particular distribution. The court will reserve jurisdiction in this case for the purpose of considering and ruling on any proposed distribution of principal from the corpus of the trust. Upon hearing, after notice to all interested parties, the court can then make a factual determination if any proposed distribution violates the purpose of the trust or prejudices the interest of any other beneficiaries. Richard Neill, Equire, shall continue as guardian ad litem for all minor defendants, known or unknown, born or unborn, who might have an interest in this trust.