### EVANS v. EVANS et al.
### No. 5203.

Court of Appeals of District of Columbia.
Argued Oct. 14, 1931.
Decided Dec. 14, 1931.

G. A. Berry and J. J. Malloy, both of Washington, D. C., for appellant.

R. H. Yeatman, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a decree of the Supreme Court of the District of Columbia, construing the will of a testator as conferring on his widow only a life estate during widowhood in certain real property, and denying her request for its sale and the division of its proceeds between herself and decedent's children by a former marriage.

George W. Evans, late a resident of Washington, died April 22, 1925, leaving his widow, Florence Boyd Evans, and three adult daughters of a former marriage, Marian E. Evans, Catherine Evans Peyton, and Mida E. Baldwin.

His will, dated July 14, 1921, was admitted to probate May 11, 1925, his personal property administered in accordance therewith by the widow and unmarried daughter, executrixes thereof, and its disposition of the real estate acquiesced in by the parties until shortly before the filing of this suit on October 21, 1929.

The widow then desiring to sell the real estate in controversy, consisting of the family residence, and her right to do so being questioned, she filed her bill in equity for construction of the will, and particularly paragraph six, reading as follows: "I will and bequeath to my wife, Florence Boyd Evans, in trust, premises No. 918 19th Street NW., known on the official plat book of the District of Columbia, as the north half of lot nineteen, square eighty-six. She is to retain the same for her use and benefit, so long as she may remain my widow. She is required to provide a suitable room therein for my daughter, Marian, so long as she, my daughter, may remain single. My said wife will be required to pay all taxes on said property, and costs of repairs to the same, from funds received by her in rent of rooms, etc., and she shall keep the said property in good rentable condition, and not allow it to deteriorate for want of repairs, either inside or out. Should she desire to convert the said premises into an apartment house she may do so, provided she bear the cost of said improvements from receipts derived from rentals of said apartments, or from her own separate estate. Should my wife decline to retain said premises, after my death, it is my will that a unanimous consent agreement be entered into by my wife, and

my three daughters, Marian, Catherine and Mida, to sell the aforesaid property and divide the proceeds of the sale in four equal parts between my wife and three daughters hereinbefore mentioned, or their heirs at law."

The trial court having construed that paragraph as devising only a life estate during widowhood to the plaintiff, and denied her prayer for authority to sell the property to divide its proceeds with defendants, the plaintiff assigns those findings as error.

■ If the trial court was correct in its construction of this paragraph, the other assignment of error necessarily fails, and of course the intention of the testator is here, as always, the goal of construction.

■ But in such questions little aid is to be derived from formal rules of interpretation or from decisions in other cases apparently similar; the problem in each case being the reasonable interpretation of the words used to express the testator's intention. Robison v. Orphan Asylum, 123 U. S. 707, 8 S. Ct. 327, 31 L. Ed. 293.

■ This testator wills his residence to his wife "in trust," and states the objects and duties of that trust.

She is to retain it for her use and benefit so long as she remains his widow, and she is to provide a room therein for his daughter Marian so long as the daughter remains unmarried.

The obvious purpose of these directions was to provide a home for his widow, during widowhood, and his daughter during spinsterhood.

If the house with that charge and its other liabilities was a gift of greater value to the widow than the room therein to the daughter, we cannot assume that the latter provision was less important to the testator than the former.

And our Code provides a method and a time for a widow to elect between the provision made for her by her husband's will and by the law as though he had left no will.

Code, D. C., chapter 2, title 14, section 38, provides:

"A widow shall be barred of her right of dower in the land and share in the personal estate by any such devise or bequest unless within six months after administration may be granted on her husband's estate she shall file in the probate court a written renunciation to the following effect: 'I, A. B., widow of ———, late of ———, deceased do hereby renounce and quit all claim to any devise or bequest made to me by the last will of my husband exhibited and proved according to law; and I elect to take in lieu thereof my dower and legal share of the estate of my said husband.' If, during said period of six months, a suit shall be instituted to construe the will of her husband, the period of six months for the filing of such renunciation shall commence to run from the date when such suit shall be finally determined, by appeal or otherwise.

"By renouncing all claim to any and all devises and bequests, made to her by the will of her husband, she shall be entitled, in addition to her dower, to the distributive share of his personal property, which she would have taken had he died intestate, and, except in cases of valid antenuptial or postnuptial agreements, this provision for the wife shall apply with the effect (without formal renunciation) to cases where the husband has made no devise or bequest to his wife. * * * "

Under that provision of the Code, the plaintiff had her opportunity within six months after letters testamentary were granted to renounce under the will and to take one-third of the personalty, absolutely (Code, D. C., title 29, chapter 12, § 283), and a life estate in one-third of the realty; or, if within that period she had filed her suit for construction of the will, she would have had six months from its final determination to make her choice.

Instead, she accepted under the will its more beneficial bequests of personalty, and, though one of the executrixes thereof, she took title to the residence under the ambiguous sixth paragraph, without suit for its construction, and occupied the property for more than four years, during most of which time her election seems to have been satisfactory to her.

While the testator's regard for his wife and his solicitude for her welfare is apparent throughout his will, he does not appear to have intended to empower her to force a sale of the family residence over the objections of three of the four persons whose unanimous consent he required before such a sale could be made. Yet this is her present contention.

If the testator had intended this result, he could very simply have given his widow or his executrixes discretionary power to sell the property and divide its proceeds, without incumbering or extinguishing that power by requiring the unanimous consent of the four ladies involved.

We are of opinion that the testator intended to provide a residence for his widow, during widowhood, and for his only unmarried daughter, during spinsterhood, but we find no support for the contention that the widow may defeat this general purpose by a sale of the property and a division of its proceeds four years after she has elected, by acquiescence and by conduct, to take the provision the will makes for her.

The decree appealed from is affirmed.

Affirmed.