**In re ESTATE of William V. JAMES, Deceased.**

**No. 94674.**

United States District Court
District of Columbia.

June 18, 1963.

Thomas S. Jackson, of Jackson, Gray & Laskey, Washington, D. C., for petitioner.

George Herbert Goodrich, Washington, D. C., guardian ad litem for grandchildren (in esse and unborn) of William V. James, deceased.

MATTHEWS, District Judge.

William V. James died January 22, 1958, leaving a last will and testament dated April 23, 1938, which was duly admitted to probate and record on March 5, 1958.

By his will the testator gave the residue of his estate to his widow, for life or until her remarriage, and provided that in the event of her remarriage, one-half of said residue shall pass to the testator's children then living and to the children of any deceased child per stirpes, and the other half to his widow in fee simple. Upon the widow's death before remarriage, the entire residue was devised to testator's children then living and to the children of any deceased child per stirpes.

The matter now before the Court is a petition filed herein September 24, 1962, by the widow of the testator seeking (1) leave of the Court to withdraw the petition she filed in February 1958 for probate of the will of testator and for letters testamentary; and (2) a declaration by the Court to the effect that the court order entered March 5, 1958 for probate of the will and letters testamentary is null and void, "enabling petitioner to renounce her interest under the will of her husband, William V. James."

Subject to the provisions of Section 18–211 of the District of Columbia Code, it is provided in Section 18–210 that "every devise of real estate or any interest therein, and every bequest of personal estate or any interest therein, to the surviving spouse shall be construed to be intended in bar of his or her share in decedent's estate * * * unless it be otherwise expressed in the will." Section 18–211 declares that "a widow or widower shall be barred of any rights or interest she or he may have in real or personal estate by any such devise or bequest unless within six months after administration may be granted on the deceased spouse's estate she or he shall file in the probate court a written renunciation" of such devise or bequest in the will of the deceased spouse and an election to take in lieu thereof such share or interest in the real and personal estate which the surviving spouse would have taken had the deceased spouse died intestate.

The petitioner here failed to file a renunciation of the provisions which her husband made for her in his will, although she was represented by counsel.

It is asserted by petitioner and shown by the record that at the time testator's will was offered for probate "no guardian ad litem was appointed to represent the interests of testator's minor and unborn grandchildren pursuant to District of Columbia Code, Title 19, Section 303." But this assertion is of no significance. The cited section does not require the appointment of a guardian ad litem for a minor unless the minor is a "party interested as aforesaid", and

such a party is one "who would be entitled to or interested in the estate of the testator" in case the will of the testator had *not* been executed. See Section 301 of Title 19, District of Columbia Code. No grandchild of the testator here is such a person. This is because the testator's heirs at law and next of kin embrace only his widow, the petitioner, and his three children, all of whom are adults.

It is also alleged by petitioner that she and testator's children are presently unable to convey a good and marketable title to real estate devised by the testator, and that this is because of the executory interest in favor of the unborn children of any child of the testator who predeceases petitioner. She says that at the time the testator's will was offered for probate, she was not aware and was not advised of her statutory right to renounce her husband's will and take her intestate share of his estate, and that if she had been so advised of her rights she would "have renounced her interest under the will and thus prevented the executory interest in favor of unborn grandchildren of the testator." The petitioner further declares that she did not become aware of her inability to convey good and marketable title until January, 1962, when she, together with her children and grandchildren attempted to convey a certain parcel of real estate. It was, she says, after making this discovery that she was advised and for the first time became aware of her right to renounce her husband's will and take her intestate share pursuant to District of Columbia Code 18–211. She also claims that because the estate consists almost entirely of small parcels of unimproved realty, the inability to convey marketable title has the practical effect of depriving her and her children of any substantial benefit from testator's estate.

A memorandum has been filed on petitioner's behalf citing cases where under certain circumstances the widow has been allowed to renounce the provisions of the will of her deceased husband and to elect to take her statutory share, despite the expiration of the period fixed by law for making such renunciation and election. However, it is not suggested in any of these cases that the allowance of the renunciation and election must be preceded by the setting aside of the probate of the will as petitioner seeks to do here. Moreover, in the District of Columbia, the renunciation and election provided for is made after the will has been probated. Sec. 18–211, District of Columbia Code. Evans v. Evans, 60 App. D.C. 371, 372, 55 F.2d 533.

I am unable to find in the record any valid basis for giving petitioner leave to withdraw her petition for probate of decedent's will and for letters testamentary. I am likewise unable to find any valid basis for declaring null and void the order of the court entered in 1958 admitting the will to probate and granting letters testamentary. According to Page on Wills, Third Edition, Sec. 47.22 at page 639, it would seem that there is "no inconsistency between conceding that the instrument is a valid will and asking to have it probated, and a determination not to be limited by its provisions if it is possible to take against it; and that an oath to carry its provisions into effect does not imply an undertaking to give any greater effect to its provisions than the law gives. These acts should not, therefore, be treated as an election." Under the practice in the District of Columbia it is not unusual for a widow to petition for probate of the will of her deceased husband and thereafter to renounce the bequest or devise therein made for her and elect to take her intestate share in his estate pursuant to Section 18–211, supra.

■ The instant petition will be denied insofar as it seeks to have set aside the petition and order for probate of the will and for letters testamentary.

■ Assuming *arguendo* that petitioner is entitled to renounce the provisions for her in her husband's will and to take instead an intestate share in his estate, then in that event the appropriate relief would be an order permitting such renunciation and election as of a date in March 1958, *nunc pro tunc*. See

Mersch on Probate Court Practice in the District of Columbia, 2nd Ed., Vol. 1, § 341, p. 158. If petitioner desires to have her petition considered on that basis, then upon her request the clerk is to set the petition down for hearing unless in lieu thereof the petitioner prefers to submit an affidavit or affidavits in support of her petition.

Through her counsel petitioner represents to the court that "no rights of third parties will be prejudiced" by the granting of her petition. In order to test the accuracy of this conclusion the Court should be informed as to the dealings of petitioner in respect of testator's real estate during the 5 years since the probate of his will, at least in regard to transactions, if any, whereby petitioner has conveyed or attempted to convey interests in said realty to a third person or persons.

As already indicated, it is claimed on behalf of petitioner that because the estate of testator consists almost entirely of small parcels of unimproved realty, the inability to convey marketable title has the practical effect of depriving petitioner and her children of any substantial benefit from testator's estate. The papers filed herein in 1958 disclose that personalty valued at $103,620.99 and real estate valued at $15,104 were jointly owned by testator and his wife—the petitioner here—and presumably she was free to use that as she pleased. They likewise reveal that the personalty and realty in the testator's estate was assessed at $22,343. The realty was not described as improved or unimproved. Tax certificates on certain lots owned by testator were mentioned but not identified and petitioner declared it was "impossible to determine" their value at the time. Since in support of the instant petition the petitioner is claiming that she is not receiving any substantial benefits from the testator's estate, it might be of assistance to the court to be adequately informed as to the realty which belongs to the testator's estate, how much is improved and how much unimproved, and its approximate value.